**Richard W. NEELY, Plaintiff-Appellant,**

v.

**ST. PAUL FIRE AND MARINE INSURANCE COMPANY and Standard Oil Company of California, Defendants-Appellees.**

**No. 77–2712.**

United States Court of Appeals, Ninth Circuit.

Oct. 19, 1978.

---

Myrna J. Parker and Tom E. Wildermuth, of Maud & Wildermuth, Casa Grande, Ariz., for plaintiff-appellant.

Thomas N. Crowe, of Ryley, Carlock & Ralston, Kenneth C. Weyl, Phoenix, Ariz., for defendants-appellees.

Before CHOY and KENNEDY, Circuit Judges, and PALMIERI,* District Judge.

PALMIERI, District Judge:

In 1976 three natural-gas-powered engines used for irrigation purposes on farms owned and operated by appellant Neely became inoperable due to damage caused by contaminated lubricating oil. The oil used in these engines was purchased exclusively from appellee Standard Oil Company of California (Standard Oil). At the time an insurance policy issued to Neely by appellee St. Paul Fire and Marine Insurance Company (St. Paul) provided coverage for damage to the engines caused by vandalism. Both appellees are foreign corporations lawfully doing business in Arizona.

Neely brought suit in the Arizona Superior Court against Standard Oil and St. Paul, seeking to recover his direct and consequential damages. His theory was that either the contaminant was in the oil at the time of purchase, in which case Standard Oil would be liable, whether on the ground of strict liability, negligence, or warranty, or the contaminant was placed in the oil by a vandal, in which case St. Paul would be liable under the terms of the insurance policy. The suit was subsequently removed to the United States District Court for the District of Arizona pursuant to 28 U.S.C. § 1441(a) on the petition of both defendants, that court having jurisdiction because of the diversity of citizenship of the parties under 28 U.S.C. § 1332. Answers were filed and interrogatories were served on plaintiff by St. Paul, which were answered following a motion to compel. Motions for summary judgment were filed by defendants, to which plaintiff responded. Following a brief hearing, the district court granted the motions and accordingly dismissed the complaint. This appeal was taken to review that judgment. Our jurisdiction lies under 28 U.S.C. § 1291. We affirm.

## I.

Summary judgment is proper where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The moving party has the burden of demonstrating the absence of such a genuine issue, and for this purpose the material it lodges, and inferences therefrom, must be viewed in the light most favorable to the opposing party. *Adickes v. Kress & Co.*, 398 U.S. 144, 157, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970); *United States v. Diebold, Inc.*, 369 U.S. 654, 655, 82 S.Ct. 993, 8 L.Ed.2d 176 (1962). If the movant

* The Honorable Edmund L. Palmieri, Senior United States District Judge for the Southern District of New York, sitting by designation.

satisfies his initial burden, it then rests with the opponent to set forth specific facts showing that there remains a genuine issue for trial. Fed.R.Civ.P. 56(e). No defense to an insufficient showing, however, is required. *Adickes, supra*, 398 U.S. at 160–61, 90 S.Ct. 1598. In considering a motion for summary judgment, of course, the court decides a pure question of law and is not permitted to weigh the evidence or to judge the credibility of witnesses.

■■■■ Where it is clear from the evidence presented at the hearing on a motion for summary judgment that the movant would be entitled to a directed verdict were the case to proceed to trial, the motion may properly be granted, unless the opposing party is able to offer adequate reasons why he is presently unable to present facts justifying his opposition. *Doff v. Brunswick Corp.*, 372 F.2d 801, 805 (9th Cir.), *cert. denied*, 389 U.S. 820, 88 S.Ct. 39, 19 L.Ed.2d 71 (1967). An opposing party's mere hope that further evidence may develop prior to trial is an insufficient basis upon which to justify denial of the motion. While summary judgment is improper where sufficient evidence supporting a claimed factual dispute is adduced, so as to require a jury or judge to resolve the parties' differing versions of the truth at trial, this evidence must be "significantly probative" of the disputed fact. *First National Bank of Arizona v. Cities Service Co., Inc.*, 391 U.S. 253, 288–90, 88 S.Ct. 1575, 20 L.Ed.2d 569 (1968); *Mutual Fund Investors v. Putnam Management Co.*, 553 F.2d 620, 624 (9th Cir. 1977).

## II.

The following materials were before the district court at the time of the hearing on the motions for summary judgment: Neely's answers to the interrogatories served by St. Paul; affidavits of Travis Sharp and William Perry, attached to Standard Oil's motion; and an affidavit of Neely, submitted as part of his responsive papers.[1] Perry, an employee of Standard Oil who had occasion to inspect the damaged engines in question, stated in his affidavit that the damage, in his opinion, was "caused by excessive detonation rather than inadequate lubrication [and] that the detonation most likely resulted from a volatile contaminate [*sic*] being introduced to the oil." He further stated that "no engine failures other than those involved in this action, resulting or allegedly resulting from the use of [Chevron Delo 400 Motor Oil], have been reported to [Standard Oil]." Sharp, owner of a business involved in the repair and maintenance of natural-gas-powered engines used for irrigation purposes, agreed with Perry as to the cause of the engine damage, stating in his affidavit that, in his opinion, "the damage . . . was caused by a foreign substance in the form of a volatile contaminant in the oil resulting in a lower flash point and abnormal burning of the pistons." Both affiants stated that they had "no knowledge of and [are] unable to testify under oath as to the cause or manner in which any foreign substance or volatile contaminant was introduced into the engine oil."

Neely asserted in his affidavit that "based upon his own personal knowledge and from discussions with his farm foreman, . . . neither he nor his employees committed any acts causing the contaminant to be placed in the engines." Neely's answers to interrogatories disclosed no further facts indicative of the cause of the contamination nor any anticipated evidence, testimonial or otherwise, which would be presented at trial on this issue. Neely did not seek any additional discovery, nor did he claim that he could not "present by affidavit facts essential to justify his opposition" to summary judgment, upon which the court might have ordered "a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had" under Fed.R.Civ.P. 56(f).

Standard Oil and St. Paul, conceding for the purpose of their motions that Neely's engines were in fact damaged by a contaminant in the lubricating oil and that neither

---

1. Neely also attached the affidavit of Travis Sharp to his response to the motions. St. Paul's motion was not supported by any affidavits.

Neely nor his employees had been negligent in the use or maintenance of the engines, argued that no evidence had been presented on the basis of which a finder of fact could rationally choose among the multiplicity of other ways in which the contaminant may have been introduced into the engines. This being so, they claimed entitlement to judgment in their favor as a matter of law. Neely insisted, on the contrary, that a triable issue of fact had been presented and that he had a right to have the issue of cause determined by a jury. The sole question presented for decision on this appeal, then, is whether a jury, on the evidence which we have reviewed, could legitimately draw one of the inferences of causation urged by Neely.

### III.

In defining the primary rights and obligations of parties in a diversity suit arising from state law, including the elements of a plaintiff's cause of action, we are, of course, obligated to apply the substantive law of the state, here, that of Arizona. *Erie R. R. Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). But in determining whether certain evidence on a particular issue is sufficient to raise a question for the jury we, as do a number of our sister circuits,[2] look to federal law. *Safeway Stores v. Fannon*, 308 F.2d 94, 96–97 (9th Cir. 1962), and cases cited therein. This accords with the view taken by the commentators. *See, e. g.*, C. Wright, Federal Courts 449–50 (3d ed. 1976); C.

Wright & A. Miller, Federal Practice & Procedure: Civil § 2525 (1973); 5 Moore's Federal Practice ¶ 38.10 (2d ed. 1976); 5A *id.* ¶ 50.06.[3]

Under the test most generally applied in the federal courts, certain evidence is insufficient to withstand a motion for directed verdict when "without weighing the credibility of witnesses there can be but one reasonable conclusion as to the verdict." *Brady v. Southern Ry. Co.*, 320 U.S. 476, 479–80, 64 S.Ct. 232, 234, 88 L.Ed. 239 (1943); *Crocker-Citizens National Bank v. Control Metals Corp.*, 566 F.2d 631, 635 (9th Cir. 1977); *Cullinan v. Burlington Northern, Inc.*, 522 F.2d 1034, 1036 (9th Cir. 1975). Stated another way, the question is whether "the evidence in its entirety would rationally support a verdict for the plaintiff, assuming the jury took a view of the evidence most favorable to the plaintiff." *Runnings v. Ford Motor Co.*, 461 F.2d 1145, 1147 (9th Cir. 1972). And while we have noted that a case may not be taken from the jury where contradictory inferences may be drawn from undisputed evidentiary facts, *Cockrum v. Whitney*, 479 F.2d 84, 86 (9th Cir. 1973); *United States v. Lange*, 466 F.2d 1021, 1026 (9th Cir. 1972); *United States v. Perry*, 431 F.2d 1020, 1022 (9th Cir. 1970), these inferences must have a sufficient evidentiary basis. As was said in *Wolf v. Reynolds Electrical & Engineering Co.*, 304 F.2d 646, 649 (9th Cir. 1962):

It is well settled that proof must be sufficient to raise a reasonable inference that the act or omission complained of

2. See, *e. g.*, *Bryan v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 565 F.2d 276, 281 (4th Cir. 1977); *Farner v. Paccar, Inc.*, 562 F.2d 518, 522 (8th Cir. 1977); *Yazzie v. Sullivent*, 561 F.2d 183, 188 (10th Cir. 1977); *Coastal Plains Feeders, Inc. v. Hartford Fire Ins. Co.*, 545 F.2d 448, 453 (5th Cir. 1977). State law is applied in *Kudelka v. American Hoist & Derrick Co.*, 541 F.2d 651, 654 (7th Cir. 1976); *Leizerowski v. Eastern Freightways, Inc.*, 514 F.2d 487, 489 (3d Cir. 1975); *Chumbler v. McClure*, 505 F.2d 489, 491 (6th Cir. 1974).

3. The Supreme Court has expressly declined to decide this question on two occasions. *Mercer v. Theriot*, 377 U.S. 152, 156, 84 S.Ct. 1157, 12 L.Ed.2d 206 (1964); *Dick v. New York Life Ins. Co.*, 359 U.S. 437, 444–45, 79 S.Ct. 921, 3

L.Ed.2d 935 (1959). In at least one case we have applied a state standard in judging the sufficiency of evidence without any mention of the earlier statement in *Safeway Stores*. *Union Pacific R. R. Co. v. Hormaechea*, 418 F.2d 990, 993 (9th Cir. 1969). The circuits, as we have seen, note 2 *supra*, are in disagreement, although the commentators cited in the text uniformly support the application of the federal test. Although the parties appear to have assumed that state law governed this question, the substantial similarity of the standards applied by the Arizona courts and by the federal courts—*see* note 4 *infra*—makes it unnecessary to resolve the point any more definitively on this occasion.

was in fact the proximate cause of injury. The verdict of a jury cannot rest on guess or speculation. That defendant's negligence could *possibly* have been the cause is not sufficient. The same rule applies where, as here, the evidence leaves the cause of an accident uncertain. The jury is not permitted to speculate in choosing one of alternative possibilities, but is restricted to reasonable inferences based upon facts. (Citations and footnote omitted; emphasis in original)[4]

 Our careful review of the case in light of these principles leads us to conclude that the meager evidence presented by the plaintiff here would not "rationally support" a verdict in his favor. In order to draw one of the two inferences necessary to a finding of liability against either of the defendants, a jury would inevitably have to rely in large part upon surmise and speculation. Even assuming, as we must, that the jury would be satisfied of the credibility of plaintiff and his witnesses and would conclude that the damage was not attributable to any acts on his or his employees' part, the evidence simply fails to provide enough information from which a fair-minded juror could logically infer that one explanation of the cause of the *contamination* is more likely true than another. Parties are entitled to have the determination of their rights rest on more than speculation and guesswork. Here, the connection between the proffered evidence and the conclusions urged is too tenuous to permit a jury to make it. Appellant Neely has not brought to our attention any special presumptions from which he might be entitled to benefit at trial, nor can we discern any. The district court was correct in granting defendants' motions, and its judgment is accordingly AFFIRMED.

4. Arizona law is at least equally insistent that, where the evidence is consistent with alternative hypotheses of causation, a jury may not base its verdict upon surmise or conjecture. *See, e. g., Harmon v. Szrama,* 102 Ariz. 303, 429 P.2d 662, 664 (1967) (en banc); *Hall v. Wallace,* 59 Ariz. 503, 130 P.2d 36, 38 (1942); *Salt River Valley Water Users' Ass'n v. Blake,* 53 Ariz. 498, 90 P.2d 1004, 1007 (1939); *Butler v. Rule,* 33 Ariz. 460, 265 P. 757, 758 (1928); *Farm-Aero Serv., Inc. v. Hemming Produce,* *Inc.,* 23 Ariz.App. 239, 532 P.2d 181, 183 (1975); *Brand v. J. H. Rose Trucking Co.,* 4 Ariz.App. 125, 418 P.2d 120, 121, 126 (1966).

Prosser, in his treatise on torts, makes a related observation: "[T]he logical rule usually is applied, that the plaintiff does not make out a preponderant case against either of two defendants by showing merely that he has been injured by the negligence of one or the other." W. Prosser, Torts 221 (4th ed. 1971).