Hilton J. PARFAIT, Plaintiff,

v.

CENTRAL TOWING, INC., Defendant-
Appellee Cross-Appellant,

v.

TRAVELERS INSURANCE CO., Third
Party Defendant-Appellant
Cross-Appellee,

and

American Motorists Insurance Co., Third
Party Defendant-Appellee
Cross-Appellant.

No. 81–3010.

United States Court of Appeals,
Fifth Circuit.

Feb. 17, 1982.

Robert M. Contois, Jr., New Orleans, La., for third party defendant-appellant cross-appellee.

Phelps, Dunbar, Marks, Claverie & Sims, Edward F. LeBreton, III, New Orleans, La., for Central Towing.

Terriberry, Carroll, Yancey & Farrell, David B. Lawton, Rufus C. Harris, Jr., New Orleans, La., for American Motorists Ins. Co.

ON PETITION FOR REHEARING AND
SUGGESTION FOR REHEARING
EN BANC

(Opinion November 5, 1981, 5 Cir.,
660 F.2d 608.)

Before BROWN, POLITZ and WIL-LIAMS, Circuit Judges.

PER CURIAM:

On Central Towing, Inc.'s petition for rehearing of the panel opinion in this case,

660 F.2d 608 (5th Cir. 1981), we deny the motion for rehearing, adhere to our initial decision but add the following by way of clarification.

Because of the changes in the operations of Central Towing, Inc., only the corporate shell remained the same. The entire slate of corporate officers changed hands. The new owners obtained all the corporate records. They assumed the mortgage note on the tug and released the prior owner from his obligation. They completed forms required by the Coast Guard to show their ownership interest. Johnny Callais took over the role of port captain and, with his brother, gave the tug's crew its orders. The two brothers undertook to obtain work for the tug and solicited business on their own. In no way was Central Towing, Inc. the same entity the day after the sale as the day before; unlike the typical television drama, the facts were different and only the name remained the same.

Both parties agree on the standard of review of jury findings by the Court of Appeals, although in applying that standard they not surprisingly arrive at contrary results. The leading case in this Circuit, *Boeing v. Shipman*, 411 F.2d 365, 374 (5th Cir. 1969) (en banc), establishes that a jury verdict may not stand if "the facts and inferences point so strongly and overwhelmingly in favor of one party that the Court believes that reasonable men could not arrive at a contrary [result]." *Accord, Hebron v. Union Oil of California*, 634 F.2d 245 (5th Cir. 1981). The case at bar, given the overwhelming evidence that a change in management took place, is one such instance.

■ We agree with Central Towing that there is no litmus paper test that distinguishes between factual issues to be decided by the jury and legal issues to be decided by the judge. Normally, of course, the jury makes all factual determinations and draws inferences from those facts. Yet we cannot accept Central Towing's assertion that *all* factual inferences are reserved for the jury alone. The mere existence of the motion for directed verdict, F.R.Civ.P. 50(a), undercuts that claim. Where the facts will allow but one conclusion or inference, a judge properly may remove the issue from the jury. As we stated in *United States v. Williams*, 441 F.2d 637, 644 (5th Cir. 1971), "this Court does not demand jury consideration of an issue which is determinable by directed verdict." For "[t]here is no constitutional right to have twelve men sit idle and functionless in a jury-box." *United States v. 243.22 Acres of Land*, 129 F.2d 678, 684 (2nd Cir. 1942), *cert. denied sub nom. Lambert, Executrix v. United States*, 317 U.S. 698, 63 S.Ct. 441, 87 L.Ed. 558 (1943).

Nor has this Court hesitated to reject or overturn a jury finding when it violates the *Boeing* standard. In *Simien v. S.S. Kresge Co.*, 566 F.2d 551 (5th Cir. 1978), we reversed a jury verdict for insufficient evidence. A jacket worn by the plaintiff ignited and burned him severely. The jury found it unreasonably dangerous and assessed damages against the seller. Chief Judge Clark held that the evidence could not support the jury's finding. Citing *Boeing*, he stated,

we must consider all of the evidence . . . in a light which draws all reasonable inferences most favorably to [plaintiff's] case. If the record contains evidence of such quality and weight that reasonable and fair-minded persons in the exercise of impartial judgment might reach different conclusions, then the case was properly submitted to the jury. On the other hand, if the facts and inferences point so strongly and overwhelmingly in favor of Kresge that reasonable jurors could not arrive at a contrary verdict, then Kresge is entitled to judgment.

*Id.* at 556; *see also Neely v. St. Paul Fire & Marine Insurance Co.*, 584 F.2d 341, 344 (9th Cir. 1978).

■ *Scott Medical Supply Co. v. Bedsole Surgical Supplies, Inc.*, 488 F.2d 934 (5th Cir. 1974), furnishes another example of the overturning of a jury verdict for insufficient evidence. Scott sued Bedsole, a manufacturer of surgical supplies, alleging violations of the Sherman Act. The trial court modified the jury's award and then trebled

the damages. A puzzled Court of Appeals commented, "[w]e have diligently searched, but we cannot find any substantial evidence of a conspiracy. . . . It is, of course, axiomatic that inferences, which Scott would have us draw, cannot stand in the face of uncontradicted and substantial evidence to the contrary." *Id.* at 937. *See also Panotex Pipe Line Co. v. Phillips Petroleum Co.*, 457 F.2d 1279, 1289 (5th Cir. 1972), *cert. denied*, 409 U.S. 845, 93 S.Ct. 48, 34 L.Ed.2d 86. The Court's statement in *Scott* fits the present action like a surgeon's rubber glove. Although the Court may not interfere with the jury's factfinding role, it can and must step in if the jury exceeds its authority by returning a verdict for which no basis exists in the record. *Accord, Comfort Trane Air Conditioning v. Trane Co.*, 592 F.2d 1373, 1383 (5th Cir. 1979).

■ Central Towing urges that *Nunez v. Superior Oil Co.*, 572 F.2d 1119, 1125–26 (5th Cir. 1978), dictates a contrary result. We cannot concur. The Court there reversed the trial court's grant of summary judgment, since a good faith dispute as to material facts existed. Summary judgment, of course, was improper in such circumstances. Yet the standards for summary judgment differ from those we apply in reviewing the jury's findings. Once the parties have introduced their evidence, a directed verdict may be proper where summary judgment was not. Judge Rubin recognized this dichotomy in his opinion in the subsequent proceeding, *Nunez v. Superior Oil Co.*, 644 F.2d 534 (5th Cir. 1981), where he affirmed the District Court's direction of a verdict.

> Once all the evidence was before the court, however, the judge's decision on a motion for directed verdict was governed by a different standard. No longer was the question simply whether there were disputed issues that might affect the result. Instead the trial judge was entitled to weigh the evidence to determine whether it sufficed to support a verdict.

*Id.* at 535. The subsequent decision in Nunez shows that this Court *will* examine the evidence to determine whether an inference is reasonable. Where it is not, the Court must overturn it.

■ Without in any way denigrating the importance of a jury's mission or encroaching upon the Seventh Amendment, we cannot allow the decision of the trial court to stand. *Boeing* and its numerous progeny demonstrate that where reasonable men could not differ as to a result, as we believe is the case here, the reviewing court must displace an improper jury verdict. We do no more than *Boeing* requires in reversing the jury verdict for insufficient support.

Lest we engender any confusion, we wish to make plain that our holding applies only to the limited facts of this case. We disclaim any intention of formulating a rule to apply in the situation where a "change in management" of a large or publicly-held corporation takes place. There, clearly, the jury would have to decide the extent to which changes in stock ownership, personnel, the board of directors, top management, corporate assets, or other factors do or do not fall within the scope of the policy. In this case, those facts admit of only one conclusion.

The Petition for Rehearing is DENIED and no member of this panel nor Judge of this Administrative Unit in regular active service having requested that the Court be polled on rehearing en banc (Rule 35, Federal Rules of Appellate Procedure; Local Fifth Circuit Rule 16; Fifth Circuit Judicial Council Resolution of January 14, 1981), the suggestion for Rehearing En Banc is DENIED.