**UNITED STATES of America, Plaintiff,**

v.

**403½ SKYLINE DR., LA HABRA HEIGHTS, CA, Defendants.**

**No. CV 92–1205 DT (JRx).**

United States District Court,
C.D. California.

Aug. 20, 1992.

Lourdes G. Baird, U.S. Atty., Leon W. Weidman and Tomson T. Ong, Asst. U.S. Attys., Los Angeles, Cal., for plaintiff.

Jack N. Whitaker, Santa Ana, Cal., for claimant Anthony Paul Feher.

Office of the General Counsel, Amy L. Morse, Chatsworth, Cal., for claimant Great Western Bank.

## ORDER GRANTING PLAINTIFF UNITED STATES OF AMERICA'S MOTION FOR SUMMARY JUDGMENT

TEVRIZIAN, District Judge.

### BACKGROUND

This is an *in rem* civil forfeiture action brought by plaintiff United States of America against defendant 403½ Skyline Drive, City of La Habra Heights, County of Los Angeles, CA, pursuant to 18 U.S.C. § 981(a)(1)(C). Claimant Anthony Feher is the fee owner of the defendant property. Claimant Great Western Savings also has an interest in the defendant property which the government recognizes.

On or about July 28, 1986, claimant Feher, submitted a residential loan application for a home loan to Great Western Savings, a federally insured financial institution, to purchase the defendant property. On this application, Feher represented that he was employed as an installer for Action Garage. Door, in Hacienda Heights, California. Feher also represented that he had been so employed for two years, and that his gross monthly income was approximately $5,500.00. Feher attributed $2,500.00 of this monthly income to his employment with Action Garage Door, and the remainder was attributed to unspecified automobile sales. On the basis of this application, Feher was granted a loan from Great Western Savings in the amount of $195,000.00 to fund the purchase of the defendant property.

The government contends that Feher was never employed at Action Garage Door. The government further alleges that Feher's false claim of employment on the loan application was knowingly made and was intended to mislead and influence Great Western Savings. Finally, the government asserts that the false loan application resulted in the extension of the loan of $195,000.00 to Feher, which he used to purchase the defendant property.

On February 25, 1992, plaintiff United States filed a Verified Complaint for Forfeiture in this Court. Before this Court is plaintiff United States' Motion for Summary Judgment.

### DISCUSSION

#### A. *The Standard*

In deciding motions for summary judgment, this Court follows Federal Rule of Civil Procedure 56(c) and the following cases: *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 256, 106 S.Ct. 2505, 2514, 91 L.Ed.2d 202 (1986); *Matsushita Electric Industrial Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986); *Harper v. Wallingford,* 877 F.2d 728 (9th Cir.1989); *California Architectural Building Products, Inc. v. Franciscan Ceramics, Inc.,* 818 F.2d 1466, 1468 (9th Cir.1987), *cert. denied,* 484 U.S. 1006, 108 S.Ct. 698, 98 L.Ed.2d 650 (1988); *Neely v. St. Paul Fire & Marine Insurance Co.,* 584 F.2d 341, 344 (9th Cir.1978).

Under Federal Rule of Civil Procedure 56(c), summary judgment is proper only where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c).

The moving party has the burden of demonstrating the absence of a genuine issue of fact for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256, 106 S.Ct. 2505, 2514, 91 L.Ed.2d 202 (1986). If the moving party satisfies the burden, the party opposing the motion must set forth specific facts showing that there remains a genuine issue for trial. Fed.R.Civ.P. 56(e). However, no defense to an insufficient showing is required. *Neely v. St. Paul Fire & Marine Insurance Co.*, 584 F.2d 341, 344 (9th Cir.1978).

A non-moving party who bears the burden of proof at trial to an element essential to its case must make a showing sufficient to establish a genuine dispute of fact with respect to the existence of that element of the case or be subject to summary judgment. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). Such an issue of fact is a genuine issue if it reasonably can be resolved in favor of either party. *Anderson*, 477 U.S. at 250–51, 106 S.Ct. at 2511–12. The non-movant's burden to demonstrate a genuine issue of material fact increases when the factual context renders her claim implausible. *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986). Thus, mere disagreement or the bald assertion that a genuine issue of material fact exists, no longer precludes the use of summary judgment. *Harper v. Wallingford*, 877 F.2d 728 (9th Cir.1989); *California Architectural Building Products, Inc. v. Franciscan Ceramics, Inc.*, 818 F.2d 1466, 1468 (9th Cir. 1987), *cert. denied*, 484 U.S. 1006, 108 S.Ct. 698, 98 L.Ed.2d 650 (1988).

## B. *Probable Cause to Forfeit under FIRREA*

Section 963(a) of the Financial Institutions Reform, Recovery, and Enforcement Act ("FIRREA"), Pub.L. 101–73, 103 Stat. 183 (1989), provides for the forfeiture to the United States of "[a]ny property, real or personal, which constitutes or is derived from proceeds traceable to a violation of section ... 1014 of this title." 18 U.S.C. § 1014 prohibits "knowingly mak[ing] any false statement ... for the purpose of influencing in any way the action of ... any institution the accounts of which are insured by the Federal Deposit Insurance Corporation, upon any application [for a] loan."

As in narcotics forfeiture cases, the government need only establish probable cause for the forfeiture pursuant to FIRREA. 18 U.S.C. § 981(d); 19 U.S.C. § 1615. The standard of probable cause to support the forfeiture of the defendant property is similar to that required to obtain a search warrant. *United States v. One 56–Foot Motor Yacht Named Tahuna*, 702 F.2d 1276, 1781 (9th Cir.1983). In sum, "[t]he determination of probable cause in a forfeiture proceeding simply involves the question of whether the information relied on by the government is adequate and sufficient to warrant the belief by a reasonable person that the [defendant] was used [as alleged]." *Id.,* at 1283.

In the case at bar, the plaintiff has presented extremely strong evidence indicating that Feher violated 18 U.S.C. § 1014 by misrepresenting his employment status on a loan application. The Declaration of Tony Marino establishes that between 1984–1986, Action Garage Door never employed Feher. In addition, during this period, Action Garage Door never paid any salary nor any amount of money to any employee named Anthony Paul Feher. Marino Declaration at 1. Claimant Feher has failed to present any evidence contradicting these facts. Accordingly, this Court finds that the government has established probable cause to forfeit defendant property. *See Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S.

574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986).

## C. Retroactive Application of FIRREA

Claimant Feher made false statements on his loan form on July 28, 1986. FIRREA was enacted in 1989 and became effective on August 9, 1989. Because the false statements occurred prior to FIRREA's enactment, Feher contends that the retroactive application of FIRREA is improper.

In deciding whether a statute may be applied retroactively, courts must first look to Congressional intent. *Kaiser Aluminum & Chem. Corp. v. Bonjorno*, 494 U.S. 827, 110 S.Ct. 1570, 108 L.Ed.2d 842 (1990). However, as the Ninth Circuit found in *FDIC v. New Hampshire Insurance Co.*, 953 F.2d 478 (9th Cir.1991), extensive research fails to reveal any indication of whether Congress intended FIRREA to apply retroactively or only prospectively. This Court notes that where Congressional intent is ambiguous, a statute may be applied retroactively if it merely affects remedies and does not change substantive rights. *Hines v. Davidowitz*, 312 U.S. 52, 60, 61 S.Ct. 399, 400, 85 L.Ed. 581 (1941); *Campbell v. United States*, 809 F.2d 563 (9th Cir.1987); *Friel v. Cessna Aircraft Co.*, 751 F.2d 1037 (9th Cir.1985). Thus, as a threshold issue, this Court must determine whether forfeiture under FIRREA effects substantive rights or whether it is merely remedial.

Feher contends that the retroactive application of FIRREA would have the effect of depriving him of "rights that are inherent to him by virtue of the fact that he is a citizen of this country." More specifically, Feher asserts that "the right to due process before being deprived of property would effectively be denied." Defendant Feher's Opposition to Plaintiff United States of America's Motion for Summary Judgment at 9–10. This Court cannot agree.

It has long been established that an *in rem* forfeiture proceeding is directed against property and not at an individual.

*U.S. v. McCaslin*, 959 F.2d 786, 788 (9th Cir.1992). Thus, the rights inherent in a person are not also inherent in a piece of property during an *in rem* proceeding. As Justice Story noted in *The Palmyra*, 12 Wheat. 1, 6 L.Ed. 531 (1827), a "proceeding *in rem* stands independent of, and wholly unaffected by any criminal proceeding *in personam*." Forfeitures have been found valid, "without regard to the owner's conduct, 'as the only adequate means of suppressing the offence or wrong, or insuring an indemnity to the injured party.'" *Calero–Toledo v. Pearson Yacht Leasing Co.*, 416 U.S. 663, 684, 94 S.Ct. 2080, 2092, 40 L.Ed.2d 452 (1974) (quoting *United States v. Brig Malek Adhel*, 2 How. 210, 238, 11 L.Ed. 239 (1844)).

In the context of FIRREA, an *in rem* civil forfeiture more properly resembles a remedial measure. In contrast to FIRREA's criminal forfeiture and civil penalties provisions which attach to the person, 18 U.S.C. §§ 982, 1031, FIRREA's civil forfeiture provisions do not focus on the individual but rather his property. And as a noted treatise of FIRREA explains: "Proceeds for [a FIRREA] civil forfeiture will be distributed in a manner that should ensure equitable reimbursement of affected governmental agencies." 2 Pullens, Whitlock, Hogg, *FIRREA: A Legislative History and Section–by–Section Analysis* 1424–26 (1990). This Court finds that such a legislative scheme is remedial in nature and not substantive.

This does not mean that an individual whose property is subject to an *in rem* civil forfeiture proceeding has no recourse. Congress has created an innocent owner exception to civil forfeiture proceedings in order to protect the individual who obtains ownership of proceeds with no knowledge of the illegal transaction. 21 U.S.C. § 881(a)(6). However, in this case, claimant Feher has failed to plead that he is an innocent owner.

Accordingly, this Court grants plaintiff United States of America's Motion for Summary Judgment. This Court orders plaintiff United States of America to prepare a Statement of Uncontroverted Facts

and a separate Judgment consistent with this Court's ruling.

IT IS SO ORDERED.