24 F.3d 247
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Helen KONTOS, Plaintiff-Appellant,
v.
MOBIL OIL CORPORATION, Defendant-Appellee.
 No. 92-16828.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 7, 1994.*
Decided April 20, 1994.
 
 1
 Before: ALARCON, FERNANDEZ, Circuit Judges, and WILSON, District Judge**
 
 
 2
 MEMORANDUM***
 
 
 3
 Helen Kontos appeals two orders of the district court granting defendant Mobil Oil Corp.'s ("Mobil") motions for summary judgment on all of her claims against it. We affirm.
 
 BACKGROUND
 
 4
 Kontos' late husband and two partners ran a garage in West Sacramento ("the Terminal Garage") from 1950 to 1973. As part of it's business, the garage sold Mobil gasoline and other Mobil products. The gasoline was stored in two 1,000 gallon underground storage tanks ("USTs"). In 1987, the County of Yolo ordered Kontos to remove the USTs. When they were removed, the earth beneath them smelled of gasoline. A subsequent environmental investigation revealed hydrocarbon contamination in both the soil and ground water on the Terminal Garage property. Levels of contamination were highest in the UST pits. The County required Kontos to clean up the contamination and, to date, she has cooperated fully.
 
 
 5
 In December 1989 Kontos instituted the instant action against Mobil seeking to hold it liable for part or all of the cleanup costs at the Terminal Garage property. She had four basic theories of relief: tort, contract, indemnity, and declaratory relief. In two separate orders, the district court granted summary judgment for Mobil on all of Kontos' causes of action. Kontos appeals both orders.
 
 DISCUSSION
 I. Tort Claims
 
 6
 Kontos' tort claims sound in negligence, strict liability, and nuisance. The evidence that she presented in support of each claim is insufficient to withstand Mobil's summary judgment challenges.
 
 
 7
 Kontos has two alternative theories of Mobil's negligence liability. First, she argues that Mobil owned and installed the USTs and that it is, therefore, liable to her for damage that was caused when gasoline leaked from the USTs into her soil. Next, she contends that Mobil is also liable because its agents negligently spilled gasoline into her soil when they were filling the USTs with Mobil gasoline between 1950 and 1973.
 
 
 8
 In order to be responsible for contamination resulting from UST leakage, Mobil must have owed Kontos a duty to prevent the leaks. Kontos has two theories of why Mobil had a duty to maintain the USTs in non-leaking condition: 1) Mobile owned them; or 2) Mobil installed them. Unfortunately for Kontos, she has not submitted evidence from which a trier of fact could determine by a preponderance of the evidence that Mobil either owned or installed the tanks. Thus, Mobil could not be held liable on that theory.
 
 
 9
 Moreover, as the district court pointed out, there is simply insufficient evidence to permit a jury to decide that a delivery driver caused spillage of gasoline, which resulted in pollution in the pit. The mere fact that there was gasoline in the pit cannot supply that evidence (given the equal possibility of tank leakage), and no other evidence suffices to support her burden of persuasion on that point.
 
 
 10
 In short, although Kontos does have evidence to show that there was gasoline in the pit, she does not have evidence from which a trier of fact could determine that Mobil caused the gasoline to be there. She cannot evade the consequences of that failure of proof on the theory that something must have caused the problem, and a jury might speculate and conjecture that it was Mobil. See Neely v. St. Paul Fire & Marine Ins. Co., 584 F.2d 341, 343-46 (9th Cir.1978); Wolf v. Reynolds Elec. & Eng'g Co., 304 F.2d 646, 649 (9th Cir.1962). Thus, she cannot prevail on her negligence claim. By the same token, she cannot prevail on her other tort claims.
 
 II. Contract Claims
 
 11
 Kontos brought three contract claims against Mobil: breach of an implied contract, breach of a written contract, and tortious breach of the implied covenant of good faith and fair dealing that is implied in all contracts. As she did in her tort claims, Kontos alleged that the soil and ground water contamination on her property were caused by one of two possible sources: tank leakage or gasoline spillage.
 
 
 12
 As with her tort claims, Kontos failed to put on sufficient evidence for a rational fact finder to conclude that it was more likely than not that Mobil contractually agreed to supply, install, or maintain the Terminal Garage's USTs or that the contract was in effect at the time that the tanks leaked and contaminated her property. Her contract claims, therefore, suffer the same fatal flaw that affected her tort claims. She cannot prove that Mobil can be held liable for breach of contract for contamination resulting from UST leakage, if leakage there was. The district court did not err by granting Mobil's motion for summary judgment on Kontos' contract claims.
 
 III. Indemnity Claims
 
 13
 Kontos sought total or partial indemnity from Mobil for money spent or ordered by the County to be spent for assessment, remediation costs, and other corrective action, pursuant to the Petroleum Underground Storage Tank Cleanup Act ("PUSTCA"), Cal.Health & Safety Code Secs. 25299.10-25299.81, Cal.Water Code Secs. 13300-13361, and Cal.Code Regs., tit. 23, Secs. 2610-2672 (1992).
 
 
 14
 In order to prevail on her claim for equitable indemnity, plaintiff must show that Mobil is liable to the County for damages under the relevant Health & Safety and Water Code sections. See Munoz v. Davis, 141 Cal.App.3d 420, 425, 190 Cal.Rptr. 400 (1983).
 
 A. PUSTCA
 
 15
 PUSTCA requires three classes of individuals to take corrective action in response to an unauthorized release of a hazardous substance from an underground storage tank: owners, operators, and other responsible parties. See Cal.Health & Safety Code Sec. 25299.37 (West 1992). Kontos has not presented sufficient evidence to support the inference that Mobil fits any of these three descriptions.
 
 
 16
 The statute defines "owner" as "the owner of an underground storage tank containing petroleum." Id. Sec. 25299.21. As discussed above, plaintiff has not presented evidence from which a rational juror could conclude that Mobil ever owned the USTs. An "operator" is "any person in control of, or having responsibility for, the daily operation of an underground storage tank containing petroleum." Id. Sec. 25299.20. No evidence suggests that Mobil was an operator of the Terminal Garage USTs. Furthermore, because the evidence will not support a determination that Mobil was an owner or operator of the tank, or an owner of the property, or a person in control of the tanks at or after the release, Kontos cannot show that Mobil is a responsible party. See Cal.Code Regs., tit. 23, Sec. 2720 (1992).
 
 B. Water Code Liability
 
 17
 Because Kontos failed to present evidence that the County had undertaken to enforce the provisions of the Water Code against her, the district court dismissed her Water Code claims for indemnity and declaratory relief as unripe, as a result of which it did not decide the merits of Kontos' claim.
 
 
 18
 Both parties have sought to brief the merits on this appeal, but the merits are not properly before us. Of course, Kontos is not precluded from seeking adjudication of the merits of her Water Code claim at some other time. That will probably inure to her advantage because her claim would be in desperate straits were it to be decided on this record. For its part, Mobil must rest content with the district court's ripeness dismissal of the claim, for it did not appeal that dismissal.
 
 IV. Declaratory Judgment
 
 19
 Kontos' claims for declaratory relief add nothing to her other claims and fail for the same reasons that those claims fail.
 
 
 20
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 Hon. Stephen V. Wilson, United States District Judge for the Central District of California, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3