114 F.3d 1194
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Cynthia M. KERELUK, Plaintiff-Appellant,
v.
FABIO, INC., a corporation; Fabio Lanzoni, p/k/a Fabio,
Defendants-Appellees.
 No. 95-56735.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted April 7, 1997.
Decided May 19, 1997.
 
 1
 Before: O'SCANNLAIN and TASHIMA, Circuit Judges; WHALEY,* District Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 Cynthia Kereluk appeals from the district court's order granting summary judgment in her negligence claim against Fabio Lanzoni ("Fabio"). The facts are known to the parties.
 
 
 4
 Kereluk argues that the district court erred in holding that because no harm was foreseeable Fabio was under no duty to prevent Kereluk's injuries. She asserts that Fabio was under a duty to know that a dog which appeared calm several minutes after fighting and playing was still in a dangerously excited state which could lead to foreseeable harm. According to Kereluk, this duty would require Fabio to take steps to isolate or control the dog. We are unpersuaded.
 
 
 5
 Under California's law of negligence, it is for the court to determine the existence and scope of any legal duty on a case by case basis. Butcher v. Gay, 29 Cal.App.4th 388, 398 (1994) (holding that this duty analysis is "not a factual question to be decided by the trier of fact"). The chief factor in making this determination is foreseeability. Nichols v. Keller, 15 Cal.App.4th 1672, 1686 (1993). Here the district court properly determined that Fabio's duty did not extend to anticipating harm under these circumstances because California limits a dog owner's duty to avoiding only those harms which are reasonably foreseeable. Drake v. Dean, 15 Cal.App.4th 915, 929 (1993) (holding that dog owners have a duty to know of characteristics in their dogs which create a foreseeable risk of harm and to exercise ordinary care to prevent the harm).
 
 
 6
 Under Drake, Fabio would be under a duty to prevent Kereluk's injury only if he had reason to know that his dog had the characteristic of quickly jumping up from a prone position although appearing to be calm after playing. He also would have to know that this characteristic created a foreseeable risk of harm. Kereluk has not presented evidence that the dog had ever acted similarly before, or that the act is in itself harmful. Therefore the district court did not err in its holding.
 
 
 7
 Nor did the affidavit of Kereluk's expert create a genuine issue of material fact requiring a trial. The court was entitled to conclude that the affidavit was not material to the question of determining the scope of Fabio's duty under California law. As the district court noted, Fabio could not have anticipated that Kereluk would bend over at the same moment that the dog jumped up. Since the concurrence of these two events was necessary to cause the accident, and since it was not foreseeable that the two events would occur at the same moment, the district court correctly determined that Fabio could not have been under a legal duty to prevent the accident. See Butcher, 29 Cal.App.4th at 405 (affirming summary judgment in dog owner negligence case because evidence of foreseeability was insufficient); see also Neely v. St. Paul Fire and Marine Ins. Co., 584 F.2d 341, 345 (9th Cir.1978) (employing federal standards to determine the sufficiency of evidence on motion for summary judgment even where state substantive law applies).
 
 
 8
 The district court correctly relied on Hagen v. Laursen, 263 P.2d 489 (Cal.Ct.App.1954) in reaching its conclusion. In that case, a California court reversed a jury verdict holding a dog owner to be negligent for failing to prevent her dog from accidently running into a visitor while playing, thereby causing an injury. The court held that the dog owner could not be held liable in negligence where she could not have anticipated nor prevented the accident. Id. at 492. The court held that to be liable for negligence there must be "reasonable anticipation of the occurrence and reasonable opportunity to act." Id.
 
 
 9
 This holding of Hagen was not overruled by Drake, 15 Cal.App.4th at 929, which simply held that there was no need for a showing of a dog's "dangerous propensities" in order to demonstrate that the dog owner should have anticipated that a dog's characteristics could cause a harm. Id. Drake overruled Hagen only to the extent that the latter suggested in dicta that such a showing was necessary to be held liable for negligence. Id. at 932 (affirming Hagen 's application of negligence law).
 
 
 10
 Finally, Kereluk argues that disputes over the following genuine issues of material fact preclude summary judgment: 1) how quickly the dog arose; 2) whether the dog was in an excited state or calm when it arose; 3) whether Fabio had an opportunity to prevent the accident. However these factual questions would not permit a jury to rule in favor of Kereluk in the absence of a legal duty giving rise to liability for negligence. They are therefore not genuine issues of material facts. See Commodity Futures Trading Comm. v. Savage, 611 F.2d 270, 282 (9th Cir.1979) (explaining that a material fact is one which may affect the outcome of the litigation).
 
 
 11
 AFFIRMED.
 
 
 
 *
 The Honorable Robert H. Whaley, United States District Judge for the Eastern District of Washington, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this Circuit except as provided by Ninth Circuit R. 36-3