EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION,
Plaintiff,

v.

ST. FRANCIS XAVIER PAROCHIAL
SCHOOL and St. Francis Xavier
Church, Defendants.

Civil Action No. 94–314 SSH.

United States District Court,
District of Columbia.

Aug. 5, 1998.

Diane Bradley, Arlene T. Shadoan, Tracy Hudson Spicer, EEOC, Baltimore District Office, Baltimore, MD, for Plaintiff.

Anthony P. Interdonato, James T. Reilly, Interdonato, Reilly & Comstock, Washington, DC, for Defendants.

## OPINION

STANLEY S. HARRIS, District Judge.

Before the Court are defendants' motion for summary judgment, plaintiff's motion for partial summary judgment, and the parties' respective oppositions and replies. Upon consideration of the parties' motions and the entire record, the Court grants defendants' motion and denies plaintiff's motion. "Findings of fact and conclusions of law are unnecessary on decisions of motions under Rule 12 or 56." Fed.R.Civ.P. 52(a); *Summers v. Department of Justice,* 140 F.3d 1077, 1079–80 (D.C.Cir.1998). Nonetheless, the Court sets forth its reasoning.

This case was brought by the Equal Employment Opportunity Commission ("EEOC") in 1994. The EEOC alleges that defendants violated the Americans with Disabilities Act, 42 U.S.C. §§ 12101–12213 ("ADA"), by refusing to interview Roberta Stein for the Music Teacher position at St.

Francis Xavier Parochial School in 1992. (Stein has multiple sclerosis and uses a wheelchair). The EEOC further claims that defendants failed to hire Stein because of her disability.

On June 4, 1996, the Court dismissed plaintiff's claims for lack of subject matter jurisdiction, on the ground that the School was not an "employer" within the meaning of the ADA. The Court of Appeals reversed, holding that whether defendants had enough employees to be covered by the ADA was not a jurisdictional question. *EEOC v. St. Francis Xavier Parochial School,* 117 F.3d 621, 623–24 (D.C.Cir.1997). The Court of Appeals accordingly concluded that "[f]urther development of the record" was necessary before defendants' status as an "employer" under the ADA could be determined, and therefore remanded the case. *Id.* at 626. The parties engaged in two more months of discovery before filing the instant motions.[1]

In their motions, both sides claim that they are entitled to summary judgment on the issue of whether defendants qualified as an "employer" under the ADA for the relevant time period. The ADA provides, in relevant part, that an "employer" is "a person engaged in an industry affecting commerce who has 25 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding year."[2] *See* 42 U.S.C. § 12111(5)(A). Both parties focus primarily on whether defendants and the St. Francis Xavier Day Care Center should be treated as a single employer for purposes of counting employees to meet the 25–employee threshold. Defendants also claim, however, that "the Plaintiff has still submitted no evidence to show the length of time any employee of any of the entities involved worked for the entity in 1991 or 1992, the years in question.... On this basis alone, Plaintiff

has failed to meet its burden even after being allowed an additional discovery period." Defs.' Memo. of Points and Auth. in Opp. to Pl.'s Mot. for Part. S.J., at 1; *see also* Defs.' Mot. for S.J., at 2.

Under Rule 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Moreover,

> the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.

*Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *see also Lujan v. National Wildlife Federation,* 497 U.S. 871, 884, 110 S.Ct. 3177, 111 L.Ed.2d 695 (1990). A moving party need not negate the elements of the nonmoving party's case if the nonmoving party with the burden of proof fails to proffer any evidence of a necessary element.[3] *Lujan,* 497 U.S. at 885, 110 S.Ct. 3177.

Upon consideration of both parties' pleadings and the evidence offered in support of those motions, and even assuming *arguendo* that defendants and the Day Care Center should be treated as a single employer, the Court concludes that the EEOC has failed to proffer any evidence of an essential element of its case: that defendants and the Day Care Center together employed 25 or more employees for 20 or more calendar weeks in 1991 or 1992.[4] *See St. Francis Xavier,* 117

---

1. The parties had completed five months of discovery before the Court dismissed the case for lack of subject matter jurisdiction.

2. Because the alleged discriminatory acts took place within two years of the effective date of the ADA, the threshold number of employees in this case is 25, rather than the normal 15.

3. Nor is the moving party required to support its motion with affidavits, so long as "whatever is

before the district court demonstrates that the standard for the entry of summary judgment ... is satisfied." *Lujan,* 497 U.S. at 885, 110 S.Ct. 3177 (citing *Celotex,* 477 U.S. at 323, 106 S.Ct. 2548).

4. Under the ADA, an employer must have 25 or more employees "during the current or preceding calendar year." 42 U.S.C. § 12111(5)(A). "Current calendar year" is defined as the year in which the alleged discrimination occurred. *See Vera–Lozano v. International Broadcasting,* 50

F.3d at 623–25. The only evidence proffered by plaintiff on this issue is defendants' response to an interrogatory requesting identification of "all individuals employed by St. Francis Xavier Church, St Francis Xavier Child Development Center and St. Francis Xavier Parochial School from January 1992 to present, indicating the position held." Defs.' Ans. to Pl.'s Interr., at 4. Defendants responded with a list of 45 employees.[5] This list standing alone is insufficient to provide a basis from which a reasonable jury could infer that defendants employed 25 or more employees for 20 or more calendar weeks in 1992. See 42 U.S.C. § 12111(5)(A); see also Walters v. Metropolitan Educational Enterprises, Inc., 519 U.S. 202, 117 S.Ct. 660, 665–66, 136 L.Ed.2d 644 (1997). For example, even were the Court to accept plaintiff's unsupported contention that the school year runs from September to June, eight of the employees listed for the 1992–93 school year could not be counted because they appear to have been new employees, and September to December of 1992 encompasses at most 18 weeks. Because plaintiff provided no evidence that the 1991–92 school year ended after 20 weeks of 1992 had passed (much less that the teachers listed were under contract until the end of the school year), there is also no basis from which to infer that the three teachers who did not return for the 1992–93 school year worked the requisite 20 weeks

during 1992. Finally, plaintiff failed to offer evidence that any of the Day Care Center staff worked for 20 or more weeks during 1992, so most of those employees cannot be counted to meet the 25–employee threshold.[6] Thus, although the Court is willing to assume (despite plaintiff's lack of evidence) that the four parish employees, the thirteen teachers who were employed for both the 1991–92 and the 1992–93 school years, and the Daycare Director and Daycare Cook all had an employment relationship with defendants for more than 20 weeks in 1992, this yields only 19 employees, considerably short of the 25 needed for plaintiff's claim to survive.

In conclusion, the Court notes that plaintiff has had more than sufficient time to produce evidence to discharge its burden of production on this issue, having been granted additional discovery time on remand specifically to address this issue.[7] Plaintiff's burden of production was not great; "all one needs to know about [25 employees] ... for a given year is whether the employee[s] started or ended employment during that year and, if so, when." Walters, 117 S.Ct. at 665–666. Plaintiff could have met this burden by asking specific questions about the listed employees during depositions, or by requesting payroll records from defendants and the Day Care Center. The EEOC's inability to produce such evidence after full discovery leads

F.3d 67, 69 (1st Cir.1995); Dumas v. Town of Mount Vernon, 612 F.2d 974, 979 n. 4 (5th Cir. 1980) (Title VII). Plaintiff alleges that defendants discriminated against Stein in 1992.

5. Defendants stressed, however, that the list was "not restricted to persons who would be considered employees for the purposes of the application of Statutes alleged to be applicable to this matter." Defs.' Ans. to Pl.'s Interr., at 4.

6. The Court is willing to assume that the Daycare Director and the Daycare Cook positions remained filled for the entire year, because there is only one individual listed for each of those positions. The Court cannot, however, make such an assumption for the other daycare employees based on the extremely limited evidence that plaintiff has produced. For example, there are five daycare teachers listed, yet no evidence that they all worked at the same time (particularly since there are only three aides listed). A simple interrogatory or deposition question could have established whether there were five teacher positions filled for the entire year, or whether there

were only two or three positions with the other teachers listed representing turnover during the year (in which case several of the teachers logically would not have worked for 20 or more weeks). The same is true for the daycare secretaries—the Court would be surprised if a small daycare center employed more than one secretary at a time, yet there are two listed. Thus, one or both of those secretaries likely were employed for less than 20 weeks during 1992. Finally, the record indicates that extended daycare employees were used only on a temporary basis (and only during the school year) when there were not enough regular teachers to cover extended care. See Bava II Dep. pp. 55–58. Thus, absent additional evidence, the Court may not infer that these three employees were on the payroll for more than 20 weeks.

7. Moreover, plaintiff should have been on notice as early as June of 1996 that relying solely on defendants' interrogatory answer would be problematic. See EEOC v. St. Francis Xavier Parochial School, 928 F.Supp. 29, 35 (D.D.C.1996), rev'd, 117 F.3d 621 (D.C.Cir.1997).

to the inevitable conclusion that it will be unable to present any evidence from which a reasonable jury could draw the conclusion that defendants and the Day Care Center together employed 25 or more employees for 20 or more weeks during the relevant period. *See Neely v. St. Paul Fire and Marine Ins. Co.*, 584 F.2d 341, 344 (9th Cir.1978) ("Where it is clear from the evidence presented at the hearing on a motion for summary judgment that the movant would be entitled to a directed verdict were the case to proceed to trial, the motion may properly be granted, unless the opposing party is able to offer adequate reasons why he is presently unable to present facts justifying his opposition."); *Society of New York Hosp. v. Associated Hosp. Service of New York*, 367 F.Supp. 149, 155 (S.D.N.Y.1973) ("The opposing party cannot obtain a denial of a motion for summary judgment 'on the basis of a hope that some evidence might develop at trial', particularly when ... he has had ample opportunity to institute discovery proceedings before the motion is decided.") (quoting *Schneider v. McKesson & Robbins, Inc.*, 254 F.2d 827, 831 (2ndCir.1958)); 10A Wright, Miller & Kane, Federal Practice and Procedure: Civil 3d § 2727 (1998) ("The nonmovant is not entitled to a trial on the basis of a hope that he can produce some evidence at that time."). Accordingly, defendants' motion for summary judgment is granted. In accordance with Federal Rule of Civil Procedure 58, an appropriate Judgment accompanies this Opinion.

### JUDGMENT

For the reasons stated in the accompanying Opinion, it hereby is

ORDERED, that plaintiff's motion for partial summary judgment is denied. It hereby further is

ORDERED, that defendants' motion for summary judgment is granted.

SO ORDERED.