**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARTEEN MOORE, An individual and a resident of Nevada,<br><br>          Plaintiff - Appellant,<br><br>  v.<br><br>USC UNIVERSITY HOSPITAL, INC., a California Corporation; MICHAEL WANG, DR.; CONFLUENT SURGICAL, INC., a Massachusetts Corporation,<br><br>        Defendants - Appellees. | No. 09-56930<br><br>D.C. No. 2:07-cv-07850-PA-E<br><br><br>MEMORANDUM* |
| MARTEEN MOORE, An individual and a resident of Nevada,<br><br>          Plaintiff - Appellant,<br><br>  v.<br><br>USC UNIVERSITY HOSPITAL, INC., a California Corporation; DR. MICHAEL Y. WANG; CONFLUENT SURGICAL, INC., a Massachusetts Corporation,<br><br>        Defendants - Appellees. | No. 10-55274<br><br>D.C. No. 2:07-cv-07850-PA-E |

      *     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Appeal from the United States District Court
for the Central District of California
Percy Anderson, District Judge, Presiding

Argued and Submitted February 10, 2011
Pasadena, California

Before: HAWKINS and FISHER, Circuit Judges, and WOLF, Chief District Judge.[**]

Marteen Moore appeals the district court's entry of summary judgment in favor of the defendants, its refusal to continue the summary judgment motion, its denial of her motions for reconsideration of the grant of summary judgment and its denial of her motion for Rule 11 sanctions. We affirm.

Summary judgment was proper because Moore failed to establish a "genuine dispute as to any material fact" regarding whether the defendants caused her harm. Fed. R. Civ. P. 56(a). "[C]ausation must be proven within a reasonable medical probability based upon competent expert testimony. Mere possibility alone is insufficient to establish a prima facie case." *Espinosa v. Little Co. of Mary Hosp.*, 31 Cal. App. 4th 1304, 1315-16 (1995). Viewed in the light most favorable to Moore, the expert testimony before the district court when the summary judgment motion was decided at best established a possibility rather than a probability that

---

[**] The Honorable Mark L. Wolf, Chief District Judge for the U.S. District Court for Massachusetts, Boston, sitting by designation.

the defendants were the cause of her injury. *See Neely v. St. Paul Fire & Marine Ins. Co.*, 584 F.2d 341, 345-46 (9th Cir. 1978) ("It is well-settled that proof must be sufficient to raise a reasonable inference that the act or omission complained of was in fact the proximate cause of injury. . . . That defendant's negligence could *possibly* have been the cause is not sufficient.").

The district court did not abuse its discretion by refusing to continue the summary judgment motion because Moore failed to comply with the Rule 56(f) requirements. "'References in memoranda and declarations to a need for discovery do not qualify as motions under Rule 56(f),'" and "'[f]ailure to comply with the requirements of Rule 56(f) is a proper ground for denying discovery and proceeding to summary judgment.'" *California v. Campbell*, 138 F.3d 772, 779 (9th Cir. 1998) (quoting *Brae Transp., Inc. v. Coopers & Lybrand*, 790 F.2d 1439, 1443 (9th Cir. 1986)) (alteration in original). It was also not an abuse of discretion to deny Moore's motions for reconsideration of the summary judgment. Moore's "newly discovered evidence" does not qualify as such because it could "have been discovered through due diligence" before the summary judgment motion was decided. *Jones v. Aero/Chem Corp.*, 921 F.2d 875, 878 (9th Cir. 1990). Finally, the district court properly denied Moore's motion for sanctions. Moore violated the requirements for Rule 11 sanctions motions by filing the motion after summary

3

judgment, and in any event the motion was meritless. *See Barber v. Miller*, 146 F.3d 707, 711 (9th Cir. 1998).

The district court's rulings are **AFFIRMED.** Moore's February 10, 2011 motion for reconsideration of this Court's February 4, 2011 denial of her motion to supplement the district court record is **DENIED.** All other pending motions are **DENIED AS MOOT.**