**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

ALEJANDRO FOX,

        Plaintiff - Appellant,

  v.

BAKERY, CONFECTIONERY,
TOBACCO WORKERS AND GRAIN
MILLERS INTERNATIONAL UNION,
LOCAL NO. 24, AFL-CIO; et al.,

        Defendants - Appellees.

No. 10-15511

D.C. No. 3:08-cv-05737-WHA

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
William H. Alsup, District Judge, Presiding

Argued and Submitted April 14, 2011
San Francisco, California

Before: GOODWIN and N.R. SMITH, Circuit Judges, and BLOCK, District
Judge.[**]

---

     [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

     [**]    The Honorable Frederic Block, Senior United States District Judge for
the Eastern District of New York, sitting by designation.

Alejandro Fox appeals the district court's grant of summary judgment for Defendants. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we AFFIRM.

1. Fox's contract-related claims (Counts 1, 2, and 5) are "substantially dependent" on interpretation of Local 24's bylaws and the Union's constitution. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 990 (9th Cir. 2001). These claims are thus preempted by § 301 of the Labor Management Relations Act (LMRA), 29 U.S.C. § 185. *Id.* Because they are preempted, the district court correctly dismissed Counts 1, 2, and 5 as barred by the six-month statute of limitations applicable to § 301 claims. *Moore v. Local Union 569 of Int'l Bhd. of Elec. Workers*, 989 F.2d 1534, 1541(9th Cir. 1993).[1]

2. Fox's "wrongful" discharge claim regarding 29 U.S.C. § 411(a)(5) of the Labor Management Reporting and Disclosure Act (LMRDA) lacks merit. 29 U.S.C. § 411(a)(5) protects members' procedural rights as members, but "does not apply to removal or suspension from union office." *Grand Lodge of Int'l. Ass'n of Machinists v. King*, 335 F.2d 340, 342–43 (9th Cir. 1964). In addition, the district

---

[1] In his Opening Brief, Fox asserts that waiver and estoppel prevent preemption. Fox cites no cases that demonstrate that federal preemption can be waived. While Fox may have been able to assert waiver on his contract claims had they been timely, the statute of limitations bars consideration of his contract-related claims. *Moore*, 989 F.2d at 1541.

court correctly noted that § 411(a)(5) explicitly does not provide protections for "nonpayment of dues." 29 U.S.C. § 411(a)(5).

3. The district court also correctly granted summary judgment to Defendants on Fox's "retaliatory" discharge claim. Fox based this claim on both § 411(a)(1) and § 411(a)(2) of the LMRDA.

Fox produced no evidence to show that he has been denied a right given to other members, as required by § 411(a)(1) of the LMRDA. *See Ackley v. W. Conference of Teamsters*, 958 F.2d 1463, 1473 (9th Cir. 1992). "[M]ere hope that further evidence may develop prior to trial is an insufficient basis upon which to justify the denial of the motion [for summary judgment]." *Neely v. St. Paul Fire & Marine Ins. Co.*, 584 F.2d 341, 344 (9th Cir. 1978).

Under § 411(a)(2), Fox argued both retaliation and selective prosecution. Fox failed to demonstrate that defendants' non-discriminatory reason for his discharge was "pretext for impermissible retaliation," as was his burden under either a retaliation or a selective prosecution claim. *See Yartzoff v. Thomas*, 809 F.2d 1371, 1377 (9th Cir. 1987); *see also Casumpang v. Int'l Longshoremen's and Warehousemen's Union, Local 142*, 269 F.3d 1042, 1058–61(9th Cir. 2001) (discussing whether there is a "causal link between the protected activities and an adverse employment action"). The record reflects that, unlike where Fox was not

suspended for missing a dues payment in 2002, Local 24 did not make an error in reporting Fox's dues.[2]

4. Fox's claim for conspiracy cannot survive as a stand-alone cause of action. Under California law, "to sustain a claim of civil conspiracy, [a plaintiff] must prove that the [defendants] have committed an underlying tort." *Sprewell*, 266 F.3d at 992.

AFFIRMED.

---

[2] For the first time in his reply brief, Fox asserts that he was not removed from lower offices in Local 24 when he missed dues payments in 1997. Fox did not raise this argument to the district court and did not address it in his Opening Brief. Accordingly it is waived. *Warre v. Comm'r of Soc. Sec. Admin.*, 439 F.3d 1001, 1007 (9th Cir. 2006); *Greenwood v. F.A.A.*, 28 F.3d 971, 977 (9th Cir. 1994).