**Roy BIEGHLER and Joanne Hoff, Appellants,**

v.

**Thomas S. KLEPPE, Secretary of the Interior, United States of America, and the United States of America, Appellees.**

No. 78–1766.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 12, 1980.

Decided Dec. 1, 1980.

**532**

Robert D. Myers, Harrison, Myers & Singer, Phoenix, Ariz., argued for appellants; John H. Westover, O'Connor, Cavanagh, Anderson, Westover, Killingsworth & Beshears, Phoenix, Ariz., on brief.

Paul A. Katz, Asst. U. S. Atty., Phoenix, Ariz., argued for appellees; John F. Flynn, Asst. U. S. Atty., Phoenix, Ariz., on brief.

Before TANG and SKOPIL, Circuit Judges, and KELLEHER,* District Judge.

SKOPIL, Circuit Judge:

## INTRODUCTION

Bieghler and Hoff appeal the entry of summary judgment against them in their negligence action against the government. We find there was a genuine issue of material fact as to the cause of the accident. We reverse and remand.

## FACTS AND PROCEEDINGS BELOW

On May 26, 1977 Roy Bieghler, Harvey Hoff, and Bradley Martin were riding their motorcycles through the Mount Carmel tunnel in Mount Zion National Park in Utah. An accident occurred in the tunnel. Hoff was killed. Bieghler and Martin were seriously injured. Both have retrograde amnesia, blocking their memories of the accident and the events immediately preceding it.

Bieghler and Hoff's widow (plaintiffs) brought this negligence action against the government under the Federal Tort Claims Act. 28 U.S.C. § 1346 and 28 U.S.C. §§ 2671 et seq. They alleged negligence in the design, construction, operation, and maintenance of the tunnel. After certain discovery was taken, the government moved for summary judgment on the grounds that plaintiffs could not establish a causal connection between defendants' negligence (if any) and the accident beyond mere speculation and conjecture. The motion was supported by the pleadings and depositions filed in the case.

Plaintiffs opposed the motion and filed the affidavit of an accident reconstruction expert. The expert said that he had discussed the accident with plaintiffs, visited the tunnel, examined photographs of the scene and of the motorcycles, examined the Hoff motorcycle and parts of the others, and reviewed reports on the incident. He reconstructed the accident and opined that the accident was caused by defective lighting in the tunnel.[1]

The court granted defendants' motion without opinion and entered judgment in their favor. Plaintiffs moved for rehearing. The motion was denied. This appeal followed.

## DISCUSSION

### A. Standard of review

Summary judgment is proper when the pleadings, depositions, answers to interrog-

---

* The Honorable Robert J. Kelleher, United States District Judge for the Central District of California, sitting by designation.

1. Plaintiffs submitted an additional affidavit from the reconstruction expert and affidavits from two medical doctors in support of their motion for rehearing after the court entered judgment for defendants. Defendants contend these materials are not properly part of the record before us. We need not reach this issue since we conclude the first affidavit raised a material issue of fact as to causation.

atories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed.R.Civ.P. 56(c). The moving party has the burden of demonstrating the absence of a genuine issue of material fact. In reviewing the granting of summary judgment, we must draw all inferences in the light most favorable to the party opposing the motion. *Blair Foods, Inc. v. Ranchers Cotton Oil*, 610 F.2d 665, 668 (9th Cir. 1980).

When the evidence in support of the summary judgment motion shows clearly that the moving party would be entitled to a directed verdict were the case to proceed to trial, the motion should be granted unless the opposing party can give adequate reasons for a present inability to offer facts that would preclude summary disposition. *Ruffin v. County of Los Angeles*, 607 F.2d 1276, 1280 (9th Cir. 1979), *cert. denied*, 445 U.S. 951, 100 S.Ct. 1600, 63 L.Ed.2d 786 (1980); *Neely v. St. Paul Fire & Marine Insurance Co.*, 584 F.2d 341, 344 (9th Cir. 1978).

Our task is to determine whether the expert's affidavit is significantly probative of the cause of the accident in the tunnel. *Id.* In other words, we must decide whether the trier of fact could legitimately draw, from the evidence presented, the inference that the accident was caused by defendants' negligence. *Neely, supra* at 345.

In this circuit we use the federal standard to measure the sufficiency of the evidence to raise a fact question, even when state law supplies the substantive rule of decision. *Id.* The federal test is whether the evidence in its entirety would rationally support a verdict for the plaintiff, assuming a view of the evidence most favorable to the plaintiff. The inferences necessary to support a plaintiff's verdict must, however, have a sufficient evidentiary basis. The evidence is insufficient if the strongest inference to be drawn in the plaintiff's favor is that defendant's negligence could *possibly* have been the cause of the accident. *Neely, supra* at 346. The evidence must make one explanation of cause more likely than another. *Id.*

On the other hand, if the plaintiff's evidence offered in opposition to the motion would support the inference that defendant's negligence was more probably than not the proximate cause of the accident, it is sufficient to defeat summary judgment even if it is not highly convincing or persuasive. *Scharf v. United States Attorney General*, 597 F.2d 1240, 1243 (9th Cir. 1979). If the evidence has reached that level, the parties are entitled to have the trier of fact, acting in that capacity, judge its credibility and persuasiveness. *Id.*

## B. *Admissibility of the expert's affidavit*

Defendants contend the accident reconstruction expert's affidavit is conclusory, based on hearsay and not personal knowledge, and otherwise inadmissible opinion evidence. Affidavits submitted in support of or in opposition to a summary judgment motion must be "made on personal knowledge, ... set forth such facts as would be admissible in evidence, and ... show affirmatively that the affiant is competent to testify to the matters stated therein." Fed. R.Civ.P. 56(e).

Rules 702, 703, 704, and 705 of the Federal Rules of Evidence dispose of defendants' argument. Rules 702 and 704 allow properly qualified experts to testify in the form of an opinion about issues as to which their expertise may assist the trier of fact, even if the opinion embraces an ultimate issue of fact. Rule 703 permits the expert to base opinions or inferences on facts or data not admissible in evidence if they are of a type reasonably relied upon by experts in the field. Rule 705 permits an expert to give opinion testimony without prior disclosure of the underlying facts or data.

The expert's affidavit here affirmatively showed his qualifications as an expert in accident reconstruction and the study he had undertaken to form his opinions. Although it did not describe in detail how he had arrived at his conclusions, the affidavit gave more than a bare conclusion that defendants had been negligent and that their negligence caused the accident. Defend-

ants did not move to strike or otherwise object to the affidavit. *See Scharf, supra* at 1243. The affidavit was admissible to support plaintiffs' opposition to the motion for summary judgment.

### C. *Sufficiency of the affidavit*

The accident reconstruction expert described in his affidavit the tunnel accident and its cause as he had reconstructed them. The expert did more than conclude that defendants' negligence in lighting the tunnel *might* have caused the accident. He purported to determine that *the* cause of the accident was defendants' negligence.

We conclude that this evidence was sufficient to defeat a motion for summary judgment. At trial, after the expert has been cross–examined on the facts and data underlying his opinion and his method of arriving at it, the trier of fact may find the evidence insufficiently persuasive of causation to allow a verdict for plaintiffs. Nevertheless, that determination is not to be made on a motion for summary judgment, even if the trial judge is convinced plaintiffs will eventually lose. *See Hughes v. American Jawa, Ltd.*, 529 F.2d 21 (8th Cir. 1976).

The judgment is REVERSED and the cause REMANDED to the district court for further proceedings.