COMMERCIAL UNION INSURANCE COMPANY, as subrogee of Alexius Olson and Auto Owner's Insurance Company, as subrogee of John Tiraboschi, and Allstate Insurance Company, as subrogee of Roy Paget, Plaintiffs,

v.

Henry and Marge BASFIELD, Defendants.

No. 92–1158.

United States District Court, C.D. Illinois.

July 2, 1993.

John F. Horvath, Duane C. Weaver, Harvath & Wigoda, Chicago, IL, for plaintiffs.

L. Lee Smith, Robert D. Jackson, Westervelt Johnson Nicoll & Keller, Peoria, IL, for defendants.

### ORDER

McDADE, District Judge.

Before the Court is Defendant's Motion for Summary Judgment on Plaintiff's one count admiralty complaint. The cause of action arises from a fire on board Defendant's pleasure craft which engulfed adjacent vessels. The vessels were docked on the Illinois River near Chillicothe, Illinois. The Court has jurisdiction of this case pursuant to its admiralty jurisdiction under 28 U.S.C. § 1333(1).

"A motion for summary judgment is not an appropriate occasion for weighing the evidence; rather, the inquiry is limited to determining if there is a genuine issue for trial." *Lohorn v. Michal,* 913 F.2d 327, 331 (7th Cir.1990). *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249, 106 S.Ct. 2505, 2510,

91 L.Ed.2d 202 (1986). This Court must "view the record and all inferences drawn from it in the light most favorable to the party opposing the motion." *Holland v. Jefferson National Life Ins. Co.*, 883 F.2d 1307, 1312 (7th Cir.1989). When faced with a motion for summary judgment, the non-moving party may not rest on its pleadings. Rather, it is necessary for the non-moving party to demonstrate, through specific evidence, that there remains a genuine issue of triable fact. *See Celotex Corp. v. Cairett*, 477 U.S. 317, 324, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986); *Bank Leumi Le–Israel, B.M. v. Lee*, 928 F.2d 232, 236 (7th Cir.1991).

## BACKGROUND

On September 27, 1990, a fire started aboard "Hanky's Panky," a houseboat owned by Defendants Henry and Marge Basfield. At the time of the fire, the vessel was docked at Hamm's Holiday Harbor in Chillicothe, Illinois. The fire spread to two vessels, "My Genie" and "Summer Place," docked nearby.[1] Plaintiffs, as subrogees of their respective insureds, the owners of "My Genie" and "Summer Place," filed a negligence complaint in admiralty against the Defendants. Plaintiffs assert that the fire occurred as result of one or more acts or omissions of the Defendants, including the careless use of smoking materials and improper maintenance of electrical and wiring systems aboard the Defendants' vessel. (Complaint ¶ 14–15). Plaintiffs allege that, as a result of the fire, "My Genie" and "Summer Place" sustained damages in the amounts of $98,289.21 and $31,-000 respectively. (Complaint ¶ 16–17).

On the evening of the fire, Mr. Basfield arrived alone at the vessel at approximately 7:30 p.m. (Henry Basfield Dep. 25). He planned to install a new antenna he had purchased for the television aboard the boat. (*Id.* at 21). Mrs. Basfield arrived at the vessel at approximately 8:15 p.m. (Marge Basfield Dep. 3). She prepared food for Mr. Basfield and then left at 10:00 p.m. (*Id.* at 6, 11). Mr. Basfield fell asleep on the couch in the pilothouse area while watching television at approximately 10:45 p.m., and awoke at approximately 11:00 p.m. (Henry Basfield

Dep. 49–50). After an undetermined amount of time adjusting the antenna and watching television, Mr. Basfield went below to the sleeping area and lied down on the bed. (*Id.* at 56). Approximately five to ten minutes after lying down, Mr. Basfield heard a "thump" and returned above to the galley area where he observed a rapidly spreading fire in the pilothouse. (*Id.* at 56–57). After attempting to extinguish the fire and release an adjacent boat, a process which took approximately fifteen minutes, Mr. Basfield dialed 911 at a nearby public telephone. (*Id.* at 65–67). The police record shows that the call was received at 2:17 am. (*Id.*, Exhibit # 1).

Both Mr. and Mrs. Basfield smoke cigarettes. (Henry Basfield Dep. 102–3; Marge Basfield Dep. 8). Mrs. Basfield admits that she smoked aboard the vessel the night of the fire, but denies smoking in the pilothouse area. (Marge Basfield Dep. 5–7). Mr. Basfield denies smoking on the vessel the night of the fire. (Henry Basfield Dep. 102–3). This denial is contradicted in the deposition of fire expert Steven Shanks. Shanks testified that while he was examining the remains of the boat, Mr. Basfield admitted to smoking on the vessel the night of the fire. (Shanks Dep. 111–112).

Plaintiffs retained Shanks, an experienced fire investigator, as their expert witness. On September 30, 1992, Mr. Shanks examined the remains of Defendants' vessel for approximately seven to eight hours. (Shanks Dep. 33). He subsequently completed a report stating that "[a]lthough the exact cause of this fire remains undetermined, it is the determination of this investigation that this is most likely an accidental fire occurring within the pilothouse area." (*Id.*, Exhibit # 3 at 6). The report lists several "possible causes," including careless use of smoking materials. *Id.* In his deposition, Mr. Shanks stated that, although there was no direct physical evidence of smoking in the pilothouse, based on the totality of the evidence, he considered careless use of smoking materials to be the "most possible" cause, the

---

1. A fourth boat was also damaged, but it is not involved in this lawsuit.

probability being over 50 percent. (*Id.* at 104, 107).

## ANALYSIS

■■■ The analysis of a tort under admiralty law is guided by general principles of negligence. *Consolidated Aluminum Corp. v. C.F. Bean Corp.*, 833 F.2d 65, 67 (5th Cir.1987), *cert. denied*, 486 U.S. 1055, 108 S.Ct. 2821, 100 L.Ed.2d 922 (1988). The elements of a cause of action under common law negligence are existence of a duty owed by defendant to plaintiff, breach of that duty, and injury proximately caused by that breach. *Ward v. K Mart Corp.*, 136 Ill.2d 132, 143 Ill.Dec. 288, 554 N.E.2d 223 (1990).

■■■ Defendants argue that because the *exact* cause of the fire remains undetermined, Plaintiffs cannot attribute the fire to Defendants' alleged negligence. This is a question of proximate causation; the Seventh Circuit has examined this issue before: "[a plaintiff] must introduce evidence which affords a reasonable basis for the conclusion that it is more likely than not that the defendant's conduct was a substantial factor in bringing about the injury complained of." *Collins v. American Optometric Association*, 693 F.2d 636, 640 (7th Cir.1982). "A mere possibility of such causation is not enough; and when the matter remains one of pure speculation or conjecture, or the possibilities are at best evenly balanced it becomes the duty of the court to direct a verdict." *Id.* (*quoting* W. Prosser, *The Law of Torts* 241 (4th ed. 1971)).[2]

On the causation issue, Plaintiffs refer to Shanks' opinion that the "most possible cause" of the fire among the possibilities listed in his report was careless use of smoking materials, the probability being over 50 percent. (Shanks Dep. 104, 107). Defendants argue that this evidence must be excluded because it is not based on a "reasonable degree of scientific certainty" which, according to Defendants, is a requirement. (Defendant's Motion ¶ 8(b), Defendants' memorandum p. 5–6). *Lanza v. Poretti*, 537 F.Supp. 777 (E.D.Pa.1982). In the Seventh

Circuit, however, there is no such requirement. *U.S. v. Cyphers*, 553 F.2d 1064, 1072 (7th Cir.), *cert. denied* 434 U.S. 843, 98 S.Ct. 142, 54 L.Ed.2d 107 (1977). "[A]n expert's lack of absolute certainty goes to the weight of his testimony, not to its admissibility." *Cyphers*, 553 F.2d at 1072–73.

Because all direct evidence is often destroyed, fire experts often must rely on circumstantial evidence in determining the cause of a fire. *See Breidor v. Sears, Roebuck & Co.*, 722 F.2d 1134, 1138 (3d Cir.1983) (where there is some logical basis for expert's opinion, the testimony should be admitted, and the credibility of the testimony is to be determined by the jury and not the judge); *Complaint of Ta Chi Navigation (Panama) Corp.*, 504 F.Supp. 209, 231 (S.D.N.Y.1980) (circumstantial evidence combined with common sense and expert testimony may establish the cause of fire). Here, the fire expert, Steve Shanks, through a series of observations and inferences, concluded that there was a more than 50% probability that careless use of smoking materials was the most likely cause of the fire. Although they remain listed on Mr. Shanks' report, he ruled out several possibilities— arson, electrical, television—based on the physical evidence available. (Shanks Dep. 42–50, 85). Mr. Shanks determined that the fire originated in the forward port side interior of the pilot house. (Shanks Dep. 57). The nature of the fire that occurred, as observed and described by Mr. Basfield, is consistent with Mr. Shanks' theory. (Shanks Dep. 80–83). Thus, the "plaintiff's evidence offered in opposition to the motion [for summary judgment] ... support[s] the inference that defendant's negligence was more probably than not the proximate cause of the accident, [and] is sufficient to defeat summary judgment even if it is not highly convincing or persuasive." *Bieghler v. Kleppe*, 633 F.2d 531, 533 (9th Cir.1980).

According to Mr. Shanks, the fire originated in the pilot house. (Shanks Dep. 57). Mrs. Basfield admits that she smoked aboard the vessel the night of the fire. Although

---

2. The functions of a motion for summary judgment and a motion for directed verdict are essentially the same. *Kirk v. Home Indem. Co.*, 431 F.2d 554, 559 (7th Cir.1970); *see also Hudson v. Twenty–Three East Adams Street Corp.*, 787 F.Supp. 141, 143 (N.D.Ill.1992).

she admits to smoking only in the galley area, Mrs. Basfield states that at one point she was in the pilothouse. (Marge Basfield Dep. 8–9, 10–11). On the night of the fire, Mr. Basfield states that he fell asleep for a short time in the pilothouse. (Henry Basfield Dep. 49). In his deposition, Mr. Basfield states that he occasionally smokes, but did not smoke on the night of the fire. (Henry Basfield Dep. 103). This statement is contradicted by Shanks who stated that on the day of his investigation, Mr. Basfield admitted to smoking on the boat the night of the fire. (Shanks Dep. 111–12). Clearly, the evidentiary disputes on the "smoking" issue can only be resolved by a jury. Because there is direct evidence of smoking to be weighed by a jury, this case can be distinguished from *Atlantic Mutual Insurance Company v. Lavino Shipping Company,* 441 F.2d 473 (3d Cir.1971) which held that fire marshal's testimony was inadmissible because it was too speculative without direct evidence of smoking.

## CONCLUSION

For the above stated reasons, Defendants' Motion for Summary Judgment is **DENIED.** This matter is referred to the Magistrate Judge for further proceedings.