70 F.3d 1278
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
George JAMROS; Kathryn Jamros Kusenko; Alexander Kusenko,
Plaintiffs-Appellants,
v.
FORD MOTOR COMPANY, Defendant-Appellee.
 No. 94-15854.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted: Oct. 17, 1995.
Decided: Nov. 14, 1995.
 
 Before: SCHROEDER, FLETCHER, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 George Jamros, as guardian ad litem for Kathryn Jamros Kusenko, and Alexander Kusenko appeal the district court's grant of summary judgment for defendant Ford Motor Company ("Ford") in their diversity action, alleging that the seat-belt mechanism in the Ford Festiva was an unreasonably dangerous design defect. Kathryn Kusenko was severely injured when the Ford Festiva, driven by her husband, Alexander Kusenko, went off the road, broke through a barrier at the side of the highway, knocked down one or more trees, and finally came to rest when it struck a larger tree. The accident occurred after Mr. Kusenko fell asleep at the wheel. Mr. Kusenko suffered only a broken wrist.
 
 
 3
 Plaintiffs rely upon the "crashworthiness doctrine" as recognized in Arizona. See Czarnecki v. Volkswagen of America, 837 P.2d 1143, 1147-48 (Ariz.Ct.App.1991); see also Law v. Superior Court, 755 P.2d 1135, 1140, 1144-45 (Ariz.1988) (noting that the crashworthiness doctrine has reached near universal acceptance). Under Arizona substantive law and federal procedural law, in order to survive the defendant's motion for summary judgment in this case, the plaintiffs had to come forward with evidence from which a reasonable jury could conclude that some aspect of the Ford Festiva's design caused injury to Ms. Kusenko over and above the injury she would have received from the accident if the design defect had not been present. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Gosewisch v. American Honda Motor Co., 737 P.2d 376, 379 (Ariz.1987).
 
 
 4
 The evidence offered by the plaintiffs in this case on the issue of causation was the affidavit, with supporting reports, of Dr. James Pugh, an expert in accident reconstruction. The district court viewed the affidavit and reports as legally insufficient, characterizing them as unduly speculative and conclusory. The district court focused on the portion of Dr. Pugh's December 31, 1991 report in which he explained the probable movement of Ms. Kusenko's body and the likely point of impact of her head with the interior of the car. The district court concluded that because the expert could not be certain as to the precise movements of Ms. Kusenko's body and the precise location of the impact, the plaintiffs' proof was unduly speculative with respect to causation.
 
 
 5
 Dr. Pugh could not, of course, state with any certainty the precise movements of the body or the precise point of impact because there were no eyewitnesses to the accident itself. See Maffei v. Northern Ins. Co., 12 F.3d 892, 898 (9th Cir.1993) (recognizing that expert opinion testimony is valuable where "[t]he circumstances [surrounding the accident] ... were unwitnessed and thus required scientific deductions from circumstantial evidence"). On the basis of the evidence that was available, however, Dr. Pugh was able to render an unequivocal opinion that the cause of the injuries was the failure of the car's seat belts to restrain Ms. Kusenko in a reclining position. His affidavit states:
 
 
 6
 regardless of what portion of the interior of the subject Ford Festiva Kathryn's head struck, her head did strike a portion of the interior of the vehicle because her seat belts did not restrain her when her seat back was in a reclined position.
 
 
 7
 (ER 116). Not only did Dr. Pugh opine that the head injuries would not have occurred if the seat belt had restrained her, other evidence supported plaintiff's position that a seatbelt design defect caused injuries that would not otherwise have occurred. The driver, with lap and shoulder belts likewise fastened, but without the seat reclined, incurred minor injuries; the police officer stated in his report that the belt was slack; and Ford admitted in its manual that the belts would function deficiently with the seat reclined.
 
 
 8
 Accordingly, the plaintiffs did provide evidence from which a reasonable jury could conclude that an aspect of the Ford's seat belt design proximately caused the injuries to Ms. Kusenko over and above the injuries she would have received if the defect had not been present. See Bulthuis v. Rexall Corp., 789 F.2d 1315, 1316-18 (9th Cir.1986) (per curiam); Bieghler v. Kleppe, 633 F.2d 531, 533-34 (9th Cir.1980). Ford was not entitled to summary judgment.
 
 
 9
 The judgment of the district court is REVERSED and the matter REMANDED for further proceedings.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3