98 F.3d 1345
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Gerald COURY, Plaintiff-Appellant,
v.
ROAD & DRIVEWAY COMPANY, Defendant-Appellee.
 No. 95-35203.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 19, 1996.*
Decided Oct. 2, 1996.
 
 Before: PREGERSON, BOOCHEVER, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Joni Coury, a Michigan resident, died when her car lost control in Oregon on a curve recently paved by Road & Driveway Company. Gerald Coury ("Coury") appeals the grant of summary judgment to Road & Driveway in his negligence action alleging that the company failed adequately to warn.
 
 DISCUSSION
 
 3
 This court reviews a grant of summary judgment de novo, Warren v. City of Carlsbad, 58 F.3d 439, 441 (9th Cir.1995), cert. denied, 116 S.Ct. 1261 (1996), and we will uphold the court's decision to exclude expert testimony unless it is "manifestly erroneous." Claar v. Burlington N.R. Co., 29 F.3d 499, 500-01 (9th Cir.1994).
 
 I. Expert testimony
 
 4
 The district court found that Thomas R. Fries' affidavits were not admissible as expert testimony because his testimony "does not speak clearly to the issue of causation, [and] it has no valid scientific connection to his conclusion that had a 'slippery when wet' sign and a 35 mile per hour advisory been posted that decedent would have heeded such warning."
 
 
 5
 "Faced with a proffer of expert scientific testimony, ... the trial judge must determine at the outset ... whether the expert is proposing to testify to (1) scientific knowledge that (2) will assist the trier of fact to understand or determine a fact in issue." Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579, 592 (1993). The fact in issue in this case is causation, i.e. whether the method in which Road & Driveway placed or failed to place warning signs caused Joni Coury to lose control of her car and collide with the oncoming van. Even if Fries' methodology in determining the speed at which the vehicles travelled were scientifically valid, his testimony is excludable if it does not shed light on the causation issue.
 
 
 6
 We hold that the magistrate judge did not manifestly err in ruling the evidence inadmissible. Coury had abandoned his claim that the roadway was dangerously paved; there was no evidence that new asphalt is more slippery than any other; and the warning signs in place fully complied with state regulations under the contract. The only causation issue remaining was whether a warning sign with a suggested speed limit of 40 mph was inadequate. Fries' affidavits describe a vehicle travelling 45-50 mph, five to ten miles above the suggested maximum. While this estimate of actual speed may be sufficiently supported to be admissible, the affidavit offers no scientific knowledge to support its apparent conclusion that 35 rather than 40 mph would be a safe speed in wet conditions on the curve. The magistrate judge did not manifestly err in concluding that this evidence would confuse rather than assist a jury in finding causation in a failure to post a suggested speed limit of 35 rather than 40 mph.
 
 II. Failure to warn
 
 7
 The magistrate judge also concluded that, even considering the affidavits, Coury had not presented sufficient evidence of causation to raise a question of fact. In Oregon,
 
 
 8
 the causal connection between defendant's act or omission and the injury must not be left to surmise or conjecture. The evidence must be something more substantial than merely indicating a possibility that the alleged negligence of the defendant was the proximate cause of the injury. When the evidence shows two or more equally probable causes of injury, for not all of which the defendant is responsible, no action for negligence can be maintained.
 
 
 9
 Eitel v. Times, Inc., 352 P.2d 485, 594 (Or.1960). When "the probabilities are at best evenly balanced, it becomes the duty of the court to direct a verdict for the defendant." Id. (quotations omitted). The federal standard, which this court uses even when state substantive law is in issue, is that "[t]he evidence is insufficient if the strongest inference to be drawn in the plaintiff's favor is that defendant's negligence could possibly have been the cause of the accident." Bieghler v. Kleppe, 633 F.2d 531, 533 (9th Cir.1980). The plaintiff's evidence is sufficient to defeat summary judgment if it "would support the inference that defendant's negligence was more probably than not the proximate cause of the accident." Id.
 
 
 10
 In this case, the evidence did not support the inference that Road & Driveway's failure to place a 35 mph sign was more probably than not the proximate cause of the accident. Road & Driveway had complied with all the contract requirements for warning signs. On her way to the curve, Joni Coury passed signs declaring "Road Construction Ahead," "Be Prepared to Stop," and "Flagger Ahead," all before arriving at the permanent 40 mph curve sign. Nevertheless, she proceeded to round the curve at a higher speed than that suggested by the permanent sign or the preceding warnings. While it is conceivable that a 5 mph difference in a warning sign and the absence of a specific "Slippery When Wet" sign caused her to proceed faster than otherwise, it does not appear probable that a jury would so conclude. The evidence thus is insufficient to defeat summary judgment. By contrast, in Thompson v. Coats, 547 P.2d 92, 96 (Or.1976), the contractor had failed to place reflectorized guideposts at the edge of a new road as required by contract. In that case, the jury could have inferred that had the guideposts been in place, the plaintiff would not have suffered the accident, which occurred when she drove so close to the road edge that her wheels dropped off the road.
 
 
 11
 We do not address the "contract compliance defense," sovereign immunity, or workers' compensation, as none of these issues is necessary to our decision.
 
 
 12
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission without oral argument pursuant to Fed.R.App.P. 34(a) and 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3