Kim WILSON, Appellant,

v.

HALLEY GARDENS ASSOCIATES, RCG D.C. Realty, Inc. and Universal Appliance Company, Inc., Appellees.

No. 97–CV–1229.

District of Columbia Court of Appeals.

Submitted June 10, 1999.

Decided Sept. 16, 1999.

*Federal Asset Disposition Ass'n,* 736 F.Supp. 348, 351, *aff'd without op.,* 295 U.S.App. D.C. 97, 959 F.2d 1101 (1992).

Thomas H. Queen filed a brief for appellant.

Patricia M. Thornton and Janet M. Truhe filed a joint brief for appellees.

Before WAGNER, Chief Judge, FARRELL, Associate Judge, and PRYOR, Senior Judge.

FARRELL, Associate Judge:

In this personal injury action, we hold that the trial judge granted summary judgment to the defendants prematurely, because an affidavit provided by the plaintiff's expert arguably demonstrated a gen-uine issue of material fact on the cause of the accident injuring the plaintiff. However, because that affidavit was offered in the form of newly discovered evidence after the judgment was entered, the defendants have not had the opportunity to take the deposition of the expert. Our reversal is therefore without prejudice to a renewed motion for summary judgment should further discovery reveal that—as the defendants argue on appeal—there is less to the expert's opinion than meets the eye.

I.

Kim Wilson (hereafter "the plaintiff") sued her landlord, Halley Garden Associates, and its managing agent, RCG D.C. Realty, Inc., both of whom in turn filed a third-party complaint against Universal Appliance Co.[1] We refer to these entities collectively as "the defendants." Wilson sought damages for injuries to her children resulting from an explosion and fire in the gas kitchen stove in her apartment unit. In the parties' joint pre-trial statement, the plaintiff designated as her expert witness Michael Hazel, a former Fire Department Investigator who had filed an Incident Report pertaining to the fire. She relied on the following conclusion in the Incident Report:

> Based on available information to date, it is the opinion of the undersigned in-vestigator that the most likely cause of this fire was design, installation or operational deficiency.

The plaintiff was unable to locate Hazel before trial, and on the Friday before the scheduled Monday trial date, the judge informed the parties in a tele-conference that she would likely entertain an oral motion for summary judgment on Monday, because in her view the Incident Report would be inadmissible without testimony

---

1. Wilson thereafter filed an amended complaint adding Universal as an additional de-fendant.

by Hazel.[2] Over the weekend the plaintiff succeeded in contacting Hazel, although apparently too late to interview him. Hazel agreed to be "on call" for the trial on Monday.

On Monday morning Hazel was not in court. When the defendants pointed out that they had been unable to depose him, the judge continued the case for several hours so he could be located to enable the plaintiff to proffer his expected testimony. When the matter resumed that afternoon, the plaintiff informed the court that she had been unable to reach Hazel. The defendants requested summary judgment on the ground that the plaintiff was unable to proffer expert testimony "beyond the four corners of the fire investigation report," which stated three different "most likely" causes of the accident, only two of which ("design, installation") provided a basis for their liability. Since the Report did not say that either of these causes rather than "operational deficiency" by the plaintiff had more likely than not caused the accident, the defendants argued that there were no genuine triable issues of fact on negligence and cause of injury. The plaintiff replied that this matter should be clarified by a further continuance and opportunity for the defendants to depose Hazel.[3] The judge nevertheless agreed with the defendants and granted summary judgment on the ground that "even if the witness was here and testified consistent with the report, the substance of the report would not be enough for counsel to make his prima facie case."

Five days later, the plaintiff filed a motion to alter or amend judgment under Super. Ct. Civ. R. 59(e), arguing, *inter alia,* that the judge erred in not allowing her the ten days required by Rule 56(c) in which to respond to the defendants' trial-day motion for summary judgment. Attached to the Rule 59(e) motion was an affidavit of Hazel, stating:

> Based upon my collective years of experience, and a careful inspection of the scene of the fire ... on January 28, 1993, I determined that the most likely cause of the fire was design, installation or operational deficiency. Of the three aforementioned probabilities, *the greatest probability was that the fire was caused by faulty installation of the stove in unit # 1.* [Emphasis added.]

The judge denied the plaintiff's motion, stating, *inter alia:*

> Mr. Hazel's opinion that one cause was the "greatest probability" does not assist the plaintiff because there are three possible causes stated for the fire. Plaintiff must demonstrate that installation was more likely than not the cause of the fire, a higher burden than plaintiff's "greatest probability" test. Even Mr. Hazel's expanded opinion would require the jury to speculate as to the cause of the fire, and thus plaintiff would not be able to carry her burden on a renewed motion for summary judgment.

## II.

■ On appeal, the plaintiff again argues that the trial judge violated Rule 56(c) by ruling on the oral motion for summary judgment without giving her ten days in which to respond. Prejudice resulted, she implicitly contends, when just five days after judgment she furnished Hazel's affidavit which (in her view) filled the evidentiary gap that had caused entry of judgment in the first place. This court, to be sure, has stressed the importance of Rule 56(c)'s ten day requirement.[4] Because it "is not an unimportant technicality, but safeguards the substantial interests of litigants[,] ... [t]he ten-day notice pro-

---

**2.** The admissibility of the report as such is not an issue on appeal.

**3.** The plaintiff's counsel also argued that "what's in the four corners of the document" was enough to create a jury question.

**4.** The first sentence of Rule 56(c) states: "The motion shall be served at least 10 days before the time fixed for the hearing."

vision is mandatory, not discretionary, and trial judges are obliged to enforce the provision strictly unless it is waived." *Tompkins v. Washington Hosp. Ctr.,* 433 A.2d 1093, 1099 (D.C.1981). But, in denying the plaintiff's Rule 59(e) motion, the trial judge explained that she had "heard and considered [plaintiff's] counsel's arguments regarding the entry of summary judgment on the day of trial" and that counsel had "not advance[d] new arguments to support the request for reconsideration." In effect, she ruled that the plaintiff had waived the notice requirement. We find it unnecessary to decide that issue and thus whether Rule 56(c) was violated. Even treating the plaintiff's motion as one for relief from judgment under Rule 60(b)(2) (newly discovered evidence), we hold that the motion should have been granted to permit further discovery regarding the meaning of Hazel's affidavit.

■ Rule 60(b)(2), of course, requires a showing of due diligence by the proponent of newly discovered evidence. *See, e.g., Forgotson v. Shea,* 491 A.2d 523, 528 (D.C. 1985). Here the trial judge made no finding that the plaintiff had been dilatory in locating Hazel. In the post-judgment motion the plaintiff described her efforts to locate him, made difficult because of his retirement from the Fire Department. In their opposition the original defendants acknowledged that Universal Appliance Company also had "spent several months attempting to locate and establish contact with investigator Hazel," unsuccessfully. See also Br. for Appellees at 6 ("During the months before the trial date, [Universal Appliance] attempted to locate Mr. Hazel, but could not locate him."). On appeal, the defendants do not defend the denial of the plaintiff's motion on the ground that Hazel's affidavit came too late.

■ Rather, the judge denied the motion—and the defendants support the denial—on the ground that the affidavit still failed to create a triable issue of fact on what caused the plaintiff's injuries. In the circumstances of this case, where Hazel had not been deposed, we are constrained to disagree. In the affidavit Hazel repeated his conclusion from the Incident Report that there were three "likely cause[s]" of the fire, "design, installation, or operational deficiency." But he added that "[o]f the three aforementioned probabilities, the greatest probability was that the fire was caused by faulty installation of the stove." The judge found this insufficient, because to prove causation at trial the plaintiff would have to meet "a higher burden than ... 'greatest probability,'" namely, proof by a preponderance of the evidence.[5] No doubt there was ambiguity in Hazel's opinion: the "greatest probability," as he understood it, could mean more likely than not or it could mean something less. But we do not believe summary judgment could properly turn on the distinction the judge made when means were at hand to clarify what the expert meant. The defendants had originally requested the opportunity to depose Hazel; that opportunity still existed. If after his deposition Hazel was unable to recast his opinion in the "more likely than not" framework, then summary judgment would be proper.[6] But to deny the plaintiff a trial on the *supposition* that "greatest probability" meant no more than possibility (or, in the judge's word, "speculat[ion]") conflicts with our cases holding that "doubt as to whether a genuine issue of fact has been raised" must be resolved against summary judgment. *West End Tenants Ass'n v. George Washington Univ.,* 640 A.2d 718, 725 (D.C. 1994); *see Patrick v. Hardisty,* 483 A.2d

---

5. *See, e.g., Twyman v. Johnson,* 655 A.2d 850, 853 n. 5 (D.C.1995) (plaintiff must present "evidence which affords a reasonable basis for the conclusion that it is more likely than not that the conduct of the defendant was a substantial factor in bringing about the result") (quoting *District of Columbia v. Free-*

*man,* 477 A.2d 713, 716 n. 9 (D.C.1984) (citation omitted)).

6. The plaintiff does not dispute that Hazel's opinion was necessary to prove her case on negligence and causation.

692, 696 (D.C.1984). *See also* 10A CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE: CIVIL 3D § 2725, at 433–34 (1998) ("[I]f the evidence presented on the motion is subject to conflicting interpretations, or reasonable people might differ as to its significance, summary judgment is improper.").

Instructive in this regard is a case from another jurisdiction, *Commercial Union Ins. Co. v. Basfield,* 832 F.Supp. 234 (C.D.Ill.1993). There the plaintiffs sued the defendants for negligently causing a fire. The fire investigator, in his report wrote that " '[a]lthough the exact cause of this fire remains undetermined, it is the determination of this investigation that this is most likely an accidental fire' " with several "possible causes," including careless smoking by the defendants. *Id.* at 235. Later, in his deposition, the investigator clarified that "he considered careless use of smoking materials to be the 'most possible' cause, the probability being over 50 percent." *Id.* at 235–36. The district court ruled that this clarification was adequate to support a reasonable finding that "it is more likely than not that the defendant's conduct was a substantial factor in bringing about the injury complained of." *Id.* at 236 (internal quotation marks and citation omitted). So too, in this case, deposing Hazel will provide the appropriate means to test his opinion that faulty installation was "the greatest probability." Short of that, this appears to us to be a case in which the grant of summary judgment, viewed in light of the newly discov-

ered evidence, "prematurely terminated the discovery process and foreclosed plaintiff['s] opportunity to substantiate [her] allegations." *Committee for Nuclear Responsibility, Inc. v. Seaborg,* 149 U.S.App. D.C. 380, 385, 463 F.2d 783, 788 (1971).[7]

Accordingly, the judgment of the Superior Court is reversed and the case is remanded for further proceedings consistent with this opinion.

*So ordered.*

**7.** In *Gichner v. Antonio Troiano Tile & Marble Co.,* 133 U.S.App. D.C. 250, 410 F.2d 238 (1969), the court declared that when a fire investigator has testified to "the cause of a fire in terms of probabilities, as opposed to mere possibilities, *by eliminating all potential causes of the fire but one,* that testimony ... in some circumstances may be a basis for decision." *Id.* at 259, 410 F.2d at 247 (emphasis added). The defendants cite the italicized language as requiring Hazel to have negated all *possibility* of a cause other than their negligence for the fire—something his affidavit plainly did not do. We do not read *Gichner* in that extreme fashion, which would be inconsistent with a plaintiff's obligation to prove her case by a preponderance of the evidence but not some higher standard. *Cf. also Russell v. United States,* 701 A.2d 1093, 1098 (D.C.1997) (citation and internal quotation marks omitted) (in *criminal* cases evidence may be sufficient "even if it does not exclude every reasonable hypothesis other than guilt"). We read *Gichner* to mean only that the expert must be able to eliminate other causes as a matter of "probabilities"—the "more likely than not" standard—rather than "mere possibilities."