Linda **LEBEDOWICZ**, as Guardian Ad Litem for Paul Lebedowicz,
Plaintiff–Appellant,

v.

**MONY LIFE INSURANCE COMPANY**, Defendant–Appellee.

No. 02–55653.

D.C. No. CV–01–00357–RSWL.

United States Court of Appeals, Ninth Circuit.

Submitted April 10, 2003.*

Decided April 23, 2003.

Before BEEZER, FERNANDEZ, and PAEZ, Circuit Judges.

### MEMORANDUM**

Linda Lebedowicz, as guardian ad litem for her husband, Paul Lebedowicz, appeals the summary judgment against them and in favor of MONY Life Insurance Co. We affirm.

Paul Lebedowicz initiated, obtained counsel to pursue, discussed, and consummated a settlement of his right to continu-

ing disability payments by obtaining a lump sum payment from MONY. The Lebedowiczes now seek to rescind the agreement on the basis that Paul did not then understand the nature, purpose and effect of what he did. *See* Cal. Civ.Code § 39; *Gosnell v. Lloyd,* 215 Cal. 244, 255–57, 10 P.2d 45, 49–50 (1932); *Bd. of Regents v. Davis,* 74 Cal.App.3d 862, 870, 141 Cal. Rptr. 670, 674 (1977); *Smalley v. Baker,* 262 Cal.App.2d 824, 832–36, 69 Cal.Rptr. 521, 527–29 (1968), *overruled on other grounds by Weiner v. Fleischman,* 54 Cal.3d 476, 816 P.2d 892, 286 Cal.Rptr. 40 (1991); *Mills v. Kopf,* 216 Cal.App.2d 780, 783–85, 31 Cal.Rptr. 80, 82–84 (1963). However, within the meaning of the California law cited above, the evidence is overwhelming that Paul Lebedowicz did, in fact, perfectly well understand what he was doing. In short, the district court correctly determined that no reasonable juror could find that rescission should be granted in this case.[1] *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248–52, 106 S.Ct. 2505, 2510–12, 91 L.Ed.2d 202 (1986); *Bieghler v. Kleppe,* 633 F.2d 531, 532–33 (9th Cir.1980).

AFFIRMED.

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. We do not overlook the conclusory opinion of the Lebedowiczes' expert, but it is against all of the other evidence, including statements in his own report. It is insufficient to create an issue of fact in this case. *See Reynolds v. County of San Diego,* 84 F.3d 1162, 1169 (9th Cir.1996), *overruled on other grounds by Acri v. Varian Assocs., Inc.,* 114 F.3d 999 (9th Cir.1997) (en banc); *Rebel Oil Co., Inc., v. ARCO,* 51 F.3d 1421, 1435–36, 1440 (9th Cir. 1995); *Miller v. Pezzani (In re Worlds of Wonder Sec. Litig.),* 35 F.3d 1407, 1425–26 (9th Cir.1994).