Margaret M. LEVERSEN, as Executrix of the Estate of Leonard A. Leversen, now Deceased, Plaintiff-Appellant,

v.

The BOEING COMPANY, a corporation, Defendant-Appellee.

Carol Elizabeth SCHLEMMER, as Administratrix of the Estate of Walter Ralph Schlemmer, now Deceased, Plaintiff-Appellant,

v.

The BOEING COMPANY, a corporation, Defendant-Appellee.

(Santa Monica Air Crash Cases)

Nos. 72-2587, 72-2591.

United States Court of Appeals, Ninth Circuit.

Jan. 27, 1975.

As Amended May 5, 1975.

D. Cathcart (argued), of Magana & Cathcart, Los Angeles, Cal., for plaintiffs-appellants.

B. Boyd Hight Jr. (argued), of O'Melveny & Meyers, Los Angeles, Cal., for defendant-appellee.

Before CHAMBERS, MERRILL and WALLACE, Circuit Judges.

## OPINION

CHAMBERS, Circuit Judge:

Leonard A. Leversen and Walter R. Schlemmer were the captain-pilot and the first officer (co-pilot) of a United Airlines flight crew that crashed into the ocean near Santa Monica as they were flying a nearly-new Boeing 727 jet aircraft on a regularly scheduled flight. No one aboard survived the crash.

There was more than one defendant, but only Boeing remains.[1] The district court sitting in admiralty without a jury found Boeing's flight manual was defective in its instructions on loss of electric power. The crew could have been following the manual and the procedure set forth therein could have been a proximate cause of the crash. But the trial court decided it could not find the faulty manual to be a proximate cause and found it was not a proximate cause. There was evidence that the United crews had been instructed to disregard the Boeing manual on the loss of electric power for instruments and employ a different procedure. Whatever presumptions there are in the field, it would be hard to presume the crew followed Boeing's manual and rejected their employer's instructions.

Additionally, the court's finding that electric power for the instruments was never significantly interrupted at the relevant time undercuts the whole theory that a faulty manual caused the trouble.

We fully realize that in the recent years there has been a slackening of required proof in negligence cases and particularly in air crash cases. A great deal of speculation is permitted. The old rules of inferences on inferences being bad are pretty well gone.

But we simply cannot find yet any authority which requires the fact trier, when he has an abiding doubt reasonably based on all the evidence, to always find a defendant furnished a proximate cause, even though its violation of its duty of care was established.

After carefully reading the record, we cannot say the court's findings were clearly erroneous.

We have some confidence that the survivors must have received a type of workmen's compensation, and thus the dependents do not go away with nothing. Today, society demands that in cases such as this someone must pay. But things have not yet reached the point that courts are required to hold that everyone sued must pay.

We affirm.

Ruling as we have, we do not need to consider Boeing's cross appeals.

---

1. The flight engineer was Keith R. Ostrander. Apparently the cockpit was occupied by Leversen, Schlemmer and Ostrander. Warren H. LeRoy, Eugene J. Blondeau, Charles A. Reynolds and Daniel B. Callahan were United Airlines crew members, but their status on the flight was apparently that of crew passengers. The latter four presumably were seated in the passenger cabin. Action in behalf of the heirs of all seven were filed, but only the representatives of Leversen and Schlemmer remain in the case as plaintiffs-appellants. No representatives of passengers are before this court.