Richard Lee BROWNE, et al., Alfred Peetz, et al., Zeynep Buge Guner, et al., Alheid Leenderdse, et al., Jeremy Nicholas Bowdler, et al., Afet Hamamzi, et al., Annette Ruth Crook, et al., Plaintiffs-Appellants,

v.

McDONNELL DOUGLAS CORPORATION, a corporation, Defendant-Appellee.

No. 81–4436.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 3, 1982.

Decided Nov. 17, 1982.

Certiorari Denied May 16, 1983. See 103 S.Ct. 2092.

See also, D.C., 504 F.Supp. 514.

John C. Elstead, Law Offices of Gerald C. Sterns, San Francisco, Cal., for plaintiffs-appellants.

Timothy R. Cappel, Bryan, Cave, McPheeters & McRoberts, St. Louis, Mo., for defendant-appellee.

Before CHOY, SNEED, and FARRIS, Circuit Judges.

PER CURIAM:

This case arises from a mid-air collision in 1976 near Zagreb, Yugoslavia between a DC–9 commercial jet airliner operated by Inex Adria Airways and a British Airways Trident 3. Appellants (plaintiffs below) are the heirs of 36 decedents who were passengers on the Trident 3. Appellants allege that the Zagreb collision was caused by the defective design of the DC–9 cockpit, so that the DC–9 crew was unable to see the Trident 3 in time to avoid the accident.

The district court granted defendant's motion for a directed verdict at the close of plaintiffs' case. The court held that, on the record before it and taking all inferences in the light most favorable to plaintiffs, a reasonable jury could not find by a preponderance of the evidence that the DC–9's design was a substantial factor in preventing the crew from seeing the Trident in time to avoid the collision. We have examined the record carefully and have concluded that the record supports the district court's evaluation of the evidence.

The standard for determining the propriety of a directed verdict is the same for district and appellate courts, California Computer Products, Inc. v. International Business Machines Corp., 613 F.2d 727, 734 (9th Cir.1979): A court must examine all the evidence in the light most favorable to the nonmoving party to decide whether there is "substantial evidence" that could support a finding for the nonmoving party. Id. at 733–34. In a case such as this one, where proximate cause is at issue, the nonmoving party will not have met its burden if the evidence merely suggests the possibility that proximate cause exists, Neely v. St. Paul Fire & Marine Insurance Co., 584 F.2d 341, 346 (9th Cir.1978), or if causation is a matter of speculation. Id. at 345–46. Thus, for appellants, the nonmoving party here, to avoid a directed verdict, they must have presented substantial evidence that would rationally support the conclusion that a design defect in the DC–9 was a proximate cause of the Zagreb collision. Appellants have not presented such evidence.

Appellants contend, however, that in a diversity action such as this, state, not federal, law should govern the determination of what is sufficient evidence to take a case to the jury.[1] Appellants are mistaken

---

1. Appellants assume that California products liability law strongly favors allowing the jury to infer proximate cause, and they rely on *Campbell v. General Motors Corp.*, 32 Cal.3d 112, 649 P.2d 224, 184 Cal.Rptr. 891 (1982), to support that view.

In *Campbell,* the California Supreme Court held, inter alia, that California courts should not grant a nonsuit to a defendant in a strict liability action where a design defect is at issue if the plaintiff has presented a prima facie case of causation, since under California law the

in this assertion. *Federal* law decides whether evidence is sufficient to warrant giving a case to the jury. *See Bieghler v. Kleppe,* 633 F.2d 531, 533 (9th Cir.1980).

Appellants also contend that a jury should be allowed to make much broader "reasonable inferences" from the facts in a mid-air collision case than in an ordinary action because of "the peculiarities of an aircraft case." Appellants cite no authority for this proposition, however, and we rejected an identical argument in *Leversen v. Boeing Co.,* 510 F.2d 937, 938 (9th Cir.1975). As we said then, it is not the law that in aircraft crash cases everyone sued must pay.

█ Finally, appellants argue that the district court should have admitted evidence of other DC–9 accidents, testimony of an FAA official concerning those accidents, and an extract from a Yugoslav airline manual discussing the duties of Yugoslav pilots. The district court has broad discretion in determining the admissibility of evidence, and its decision will not be overturned unless there is an obvious abuse of discretion. *Hill v. Rolleri,* 615 F.2d 886, 891 (9th Cir.1980). We hold that the district court's rulings did not constitute an abuse of discretion.

The judgment of the district court is affirmed.

AFFIRMED.

burden of proving a design defect shifts to the defendant after a prima facie case is made. *Campbell* can be easily distinguished from the present case. First, as the *Campbell* court noted, design defect does not become an issue for the jury in a strict liability action unless causation first is established, as the plaintiff in *Campbell* did, 32 Cal.3d at 119, 126, 649 P.2d at 228, 232, 184 Cal.Rptr. at 895, 899, and as appellants here did not. Second, the *Campbell* nonsuit standard applies principally to design defects in products "within the common experience of ordinary consumers," such as the handrails on a bus, 32 Cal.3d at 127, 649 P.2d at 233, 184 Cal.Rptr. at 900, and not to a sophisticated design such as the cockpit of a DC–9. Finally, as mentioned above, we are not obliged to look to state law when deciding how much evidence is needed to take a case to the jury in a diversity action.