Flora MOTUS, individually, as Successor in Interest of the Estate of Victor Motus (deceased) and as Guardian Ad Litem for Lauren Motus, a minor, Plaintiff–Appellant/Cross–Appellee,

v.

PFIZER INC., (ROERIG DIVISION), a Corporation, Defendant–Appellee/Cross–Appellant.

Nos. 02–55372, 02–55498.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 10, 2003.

Filed Feb. 9, 2004.

---

Jessica R. Dart, Baum, Hedlund, Aristei, Guilford & Schiavo, Los Angeles, CA, for the plaintiff-appellant/cross-appellee.

Pierce O'Donnell, O'Donnell & Shaeffer, Los Angeles, CA; Malcolm E. Wheeler, Wheeler, Trigg & Kennedy, Denver, CO, for the defendant-appellee/cross-appellant.

Alan Morrison, Public Citizen Litigation Group, Washington, DC, for the amicus.

Robert D. Kamenshine, United States Department of Justice, Washington, DC, for amicus United States Food & Drug Administration.

Before: WALLACE, RYMER, and TALLMAN, Circuit Judges.

TALLMAN, Circuit Judge:

Plaintiff Flora Motus claims that her husband suffered from an adverse reaction to the drug Zoloft, which she contends induced him to commit suicide. She argues that Pfizer Inc., as Zoloft's manufacturer, is liable because the company failed to provide adequate warnings to doctors of alleged side-effects associated with the antidepressant. The district court granted Pfizer's motion for summary judgment, holding that Motus failed to establish a sufficient causal link between her husband's suicide and Pfizer's conduct. *See Motus v. Pfizer, Inc.,* 196 F.Supp.2d 984 (C.D.Cal.2001). Because the district court there described the facts of this case in detail we repeat only the essential ones here. Upon de novo review, *see Salve Regina Coll. v. Russell,* 499 U.S. 225, 231–35, 111 S.Ct. 1217, 113 L.Ed.2d 190 (1991), we affirm. In light of our disposition, we need not reach the pre-emption issues raised by Pfizer on cross-appeal.

Because this is a diversity action, we apply California substantive law and federal rules of procedure. *See Bank of California v. Opie,* 663 F.2d 977, 979 (9th Cir.1981) ("[In] a diversity case, federal law alone governs whether evidence is sufficient to raise a question for the trier-of-fact.") (citation omitted).

We offer no opinion on the existence of purported side-effects associated with Zoloft or on the adequacy of Pfizer's warnings. Instead, we agree with the district court that even if Pfizer's warnings concerning Zoloft and suicide were deficient,

on the facts of this case, Motus failed to establish that Pfizer's allegedly inadequate warnings contributed to her husband's suicide.

Motus acknowledges that Pfizer is obligated to warn doctors, not patients, of potential side-effects associated with its pharmaceutical products, *see Carlin v. Superior Court,* 13 Cal.4th 1104, 1116, 56 Cal.Rptr.2d 162, 920 P.2d 1347 (1996), and concedes that the doctor who prescribed Zoloft to her husband failed to read Pfizer's published warnings before prescribing the drug. Because the doctor testified that he did not read the warning label that accompanied Zoloft or rely on information provided by Pfizer's detail men before prescribing the drug to Mr. Motus, the adequacy of Pfizer's warnings is irrelevant to the disposition of this case.

We agree with the Second Circuit that a product defect claim based on insufficient warnings cannot survive summary judgment if stronger warnings would not have altered the conduct of the prescribing physician. *See Plummer v. Lederle Labs., Div. of Am. Cyanamid Co.,* 819 F.2d 349, 358–59 (2d Cir.1987) (citing *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)). On the record adduced during discovery, Motus failed to establish proof that stronger warnings would have changed her husband's medical treatment or averted his suicide. *See id.*

Under similar circumstances, the California Supreme Court held that "there is no conceivable causal connection between the representations or omissions that accompanied the product and plaintiff's injury." *Ramirez v. Plough, Inc.,* 6 Cal.4th 539, 556, 25 Cal.Rptr.2d 97, 863 P.2d 167 (1993). Therefore, whether judged by federal or California standards, *see Fairbank v. Wunderman Cato Johnson,* 212 F.3d 528, 531–33 (9th Cir.2000) (distinguishing between federal procedural standards

which we apply and California summary judgment standards), summary judgment was properly entered in this case.

AFFIRMED.