**Michelle LATIOLAIS, Plaintiff–Appellant,**

**v.**

**MERCK & COMPANY, INC.,**
**Defendant–Appellee.**

Michelle Latiolais, Plaintiff–Appellant,

v.

Merck & Company, Inc.,
Defendant–Appellee.

Nos. 07–55436, 07–56024.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 22, 2008.

Filed Dec. 9, 2008.

Bernice Conn, Esquire, Roman M. Silberfeld, Esquire, Robins Kaplan Miller & Ciresi, Los Angeles, CA, for Plaintiff–Appellant.

Ralph A. Campillo, Esquire, Hall R. Marston, Esquire, Sedgwick Detert Moran & Arnold, LLP, Los Angeles, CA, James T. Conlon, Esquire, Sedgwick, Detert, Moran & Arnold LLP, Chicago, IL, Dino Sangiamo, Esquire, Venable, Baetjer & Howard, Baltimore, MD, for Defendant–Appellee.

Before: CALLAHAN and IKUTA, Circuit Judges, and SHUBB *, Senior District Judge.

### MEMORANDUM **

Michelle Latiolais appeals the district court's grant of summary judgment to Merck & Co. ("Merck") on her claim that Merck failed to adequately warn, as a result of inadequate testing, of claimed suicide risks associated with the cholesterol-lowering medication Zocor. She also appeals the district court's denial of her motion to re-tax costs awarded to Merck. We affirm.[1]

We review a district court's grant of summary judgment de novo. *Golden W. Refining Co. v. SunTrust Bank*, 538 F.3d 1233, 1237 (9th Cir.2008). We view the evidence in the light most favorable to the nonmoving party and determine "whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law." *Id.* We review the district court's denial of a motion to re-tax costs for an abuse of discretion. *See Ass'n of Mexican–Am. Educators v. California*, 231 F.3d 572, 592 (9th Cir.2000) (en banc).

■ Regarding the district court's grant of summary judgment to Merck, Ms. Latiolais has not shown that there remains a genuine issue of material fact as to causation under California's "learned intermedi-

ary" doctrine. *See Motus v. Pfizer, Inc.*, 358 F.3d 659, 661 (9th Cir.2004) (stating that a prescription drug manufacturer's duty to warn runs to the physician and that a product defect claim based on insufficient warnings cannot survive summary judgment if stronger warnings would not have altered the prescribing physician's conduct). Dr. Oppenheim's deposition testimony indicates that the drug inserts accompanying Zocor did not play a role in his decision to prescribe that medication to Mr. Davis. Further, Dr. Oppenheim was not equivocal regarding whether he would have prescribed Zocor to Mr. Davis in light of a supposed warning of suicide risk associated with Zocor. Such a warning is hypothetical and, in any event, comes into play only after one makes several assumptions on issues that include whether Merck was obligated to issue a suicide risk warning for Zocor, whether Dr. Oppenheim would have read or heeded such a warning, and what information Mr. Davis would have disclosed to Dr. Oppenheim with respect to his mental state. Accordingly, the district court's grant of summary judgment was proper.

■ Also, Ms. Latiolais has not demonstrated that the district court erred in denying her motion to re-tax costs. Federal Rule of Civil Procedure 54(d)(1) provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorneys' fees—should be allowed to the prevailing party." "Rule 54(d) creates a presumption for awarding costs to prevailing parties; the losing party must show why costs should not be awarded." *Save Our Valley v. Sound*

---

* The Honorable William B. Shubb, Senior United States District Judge for the Eastern District of California, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. The parties are familiar with the facts of this case, so we recount them here only as necessary.

*Transit*, 335 F.3d 932, 944–45 (9th Cir. 2003); *see also Dawson v. City of Seattle*, 435 F.3d 1054, 1070 (9th Cir.2006). In *Save Our Valley*, we held that a district court must "specify reasons" only when it *refuses* to tax costs:

> [A] district court need not give affirmative reasons for awarding costs; instead, it need only find that the reasons for denying costs are not sufficiently persuasive to overcome the presumption in favor of an award. The presumption itself provides all the reason a court needs for awarding costs, and when a district court states no reason for awarding costs, we will assume it acted based on that presumption.

335 F.3d at 945.

We conclude that the district court's cost award should not be stricken in its entirety. Ms. Latiolais's argument that the district court did not consider her arguments fails because the district court expressly stated that it considered oral argument and the papers filed, and the record does not suggest otherwise. Further, her contention that the district court erred by not justifying its award of costs plainly fails under our case law. *See Save Our Valley*, 335 F.3d at 945. Moreover, her claims that the award of costs should be stricken as either untimely or not conforming to the local rules fail because, respectively, the district court itself ordered Merck to file an amended bill of costs, and district courts are permitted "broad discretion to interpret their local rules." *Qualls v. Blue Cross of Cal.*, 22 F.3d 839, 842 n. 2 (9th Cir.1994).

Finally, Ms. Latiolais has not met her burden to show that the district court erred in awarding any particular categories of costs. None of her myriad arguments regarding the costs awarded to Merck overcomes the presumption in favor of awarding costs. *See Save Our Valley*, 335 F.3d at 944–45.

Ms. Latiolais has not demonstrated that the district court erred in granting summary judgment to Merck and denying her motion to re-tax costs. Accordingly, the district court's orders are **AFFIRMED.**