NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 13 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MICHELLE HIMES; et al.,

Plaintiffs-Appellants,

and

JOSE RIERA; et al.,

Plaintiffs,

v.

SOMATICS, LLC,

Defendant-Appellee,

and

MECTA CORPORATION,

Defendant.

No.    21-55517

D.C. No.
2:17-cv-06686-RGK-JC

MEMORANDUM*

Appeal from the United States District Court
for the Central District of California
R. Gary Klausner, District Judge, Presiding

Argued and Submitted March 7, 2022
Submission Vacated April 1, 2022
Resubmitted August 9, 2024
Pasadena, California

---

*	This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

1

Before: IKUTA, LEE, and FORREST, Circuit Judges.

Michelle Himes, Marcia Benjamin, and Daniel Benjamin sued Somatics, LLC for negligence, strict liability, and loss of consortium. They alleged injury arising from use of Somatics' electroconvulsive therapy product, the Thymatron ECT Machine. In April 2022, we issued a memorandum disposition affirming "the district court's grant of summary judgment for Somatics with respect to the Benjamins' claims." 2022 WL 989469, at *2 (9th Cir. Apr. 1, 2022). The resolution of Himes' claims, however, turned on "the proper causation standard" applicable under California law, on which there was "no controlling state precedent." *Id*. at *3.

We thus certified the following question to the Supreme Court of California:

> Under California law, in a claim against a manufacturer of a medical product for a failure to warn of a risk, is the plaintiff required to show that a stronger risk warning would have altered the physician's decision to prescribe the product? Or may the plaintiff establish causation by showing that the physician would have communicated the stronger risk warnings to the plaintiff, either in their patient consent disclosures or otherwise, and a prudent person in the patient's position would have declined the treatment after receiving the stronger risk warning?

*Himes v. Somatics, LLC*, 29 F.4th 1125, 1127 (9th Cir. 2022). The Supreme Court of California accepted certification.

In June 2024, the Supreme Court of California answered our question. It concluded that "a plaintiff may establish causation by showing that the physician

2

would have communicated the stronger warning to the patient" and "that an objectively prudent person in the patient's position would have declined treatment despite the physician's assessment that the benefits of the treatment for the patient would still outweigh any risks disclosed by a stronger warning." *Himes v. Somatics, LLC*, 549 P.3d 916, 921 (Cal. 2024).

In light of this response, we vacate the district court's summary judgment for Somatics as to Himes' claims, and remand for the district court to reassess whether summary judgment is warranted as to those claims under the causation analysis formulated by the Supreme Court of California.

**VACATED IN PART** and **REMANDED IN PART.**